NEW-YORK,
May, 1817.

THOMAS
v
M'DANIEL.

</div>

<div style="text-align:center">

Judgment reversed.

</div>

---

### THOMAS *against* M'DANIEL.

IN error, on *certiorari*, to the justice's court of the city of New-York. *M'Daniel*, a seaman, brought an action against *Thomas*, the master of a ship, for an assault and battery committed on board of the vessel at sea. The defendant pleaded not guilty; and, also, *accord and satisfaction.*

On the trial, the assault and battery were proved; and the defendant, in support of his second plea, gave in evidence a receipt in the following words, viz. "*New York, March* 30th, 1816. Received from captain *J. B. Thomas* sixty dollars and fifty cents, in full of all demands against the ship *Independence*, her officers and owners, for wages; also, one dollar as a full compensation for every thing else. *James M'Daniel.* Witness, *Jos : Morrison.*"

The subscribing witness to the receipt testified that he explained the instrument to the plaintiff, by stating that the one dollar was intended as a full compensation for all other claims except wages, and that the plaintiff, at first, refused to sign the paper, and waited three or four days. The defendant then placed the money and the paper on the table, and told the plaintiff that he might sign, or not, as he pleased. The plaintiff then read over the paper and signed it, and received the money; but nothing was said about assault and battery. A receipt in similar form was taken by the defendant from each of the crew.

The court below gave judgment for the plaintiff, for fifty dollars damages and costs.

*Per Curiam.* It is very questionable whether this receipt will bear any other construction than as an acknowledgment to the officers and owners of the ship of satisfaction for all claims

*A receipt by a seaman in full of all demands against the ship, her officers and owners, for wages, " and also one dollar as a full compensation for every thing else," is not sufficient evidence to support a plea of accord and satisfaction, in an action of assault and battery, brought by the seaman against the master of the ship, especially when the master withheld the wages until the seaman would sign the receipt, which he had, at first, refused to do.*

NEW YORK,
May, 1817.

JACKSON
v.
KINNEY.

and demands against them jointly. But admitting that it im-
ports an acknowledgment of satisfaction for all claims and
causes of action against the captain, individually, there is strong
ground to infer that it was unfairly obtained by him. It was
coupled with a receipt for the wages of the seaman; and the
evidence shows that his wages, after being liquidated at 60 dol-
lars and 50 cents, were withheld by the captain, during three or
four days, because the plaintiff refused to sign the double re-
ceipt. To a person in the situation of a seaman, just arrived
in port after a long voyage, and, probably, without a cent of
money, this was a fraudulent constraint on the part of the captain,
from which the law will protect the seaman. It cannot be
doubted, that if the wages had been unconditionally paid, the
plaintiff would peremptorily have refused to sign the receipt for
one dollar, " for every thing else." The judgment below must
be affirmed.

Judgment affirmed.