### GARRET VYNE v. JOSEPH C. GLENN.

*Settlement avoided for duress.*

Passing receipts is not conclusive evidence of settlement.

A settlement of accounts compelled by taking advantage of financial embarrassments and threatening ruin by stopping payments due from others, is obtained by duress and cannot be sustained.

Where the only assignments of error are that the findings of fact do not sustain the conclusions of law, the evidence is no part of the record and cannot be examined.

Error to Leelanaw. Submitted April 24. Decided June 10.

ASSUMPSIT by Glenn against Vyne for the price of a quantity of lumber. Defendant pleaded the general issue with notice of set-off and recoupment, and as the case involved accounts it was referred. The referees found: 1, that the parties had made a written contract Dec. 31, 1874, under which plaintiff was to deliver to defendant over the rail of his vessel, at Leland, 600 M. feet of ash lumber before Oct. 1, 1875, for which defendant was to pay $16 per M. for plank, and $18 per M. for dimension stuff, to be sawed on bills to be furnished by defendant; 2, that plaintiff was entitled to credit in the sum of $8,243.72, as of Nov. 5, 1875; 3, that defendant was entitled to credit in the sum of $7,469.62; 4, that a pretended settlement of the account growing out of the transaction was made at Chicago, in November, 1875, and receipts in full passed between the parties; 5, that the defendant forced the plaintiff into said settlement against his free will and accord, by taking advantage of his pecuniary necessities by informing plaintiff that he had taken steps to stop payment of money due to plaintiff from other parties, and that he had stopped payment of part of said funds; that defendant knew the necessities and financial embarrassments in which plaintiff was involved, and if he failed to get the money so due to him he would be ruined financially; that plaintiff consented to such settlement only in order to get money due to him as aforesaid, and the payment of which was stopped by defendant, and which he must have to save him from financial ruin—all of which was known to defendant; that said settlement was not voluntary on the part of the plaintiff; 6, that, as a conclusion of law, said settlement was void; 7, that there was therefore due to plaintiff from defendant the sum of $900.54, which includes interest at seven per cent. on $744.10, the balance found due and payable plaintiff from defendant Nov. 5, 1875, to March 6, 1878, the date of the report. Special questions were submitted to the referees on which they made no special finding. The

report was confirmed and judgment entered for plaintiff, and defendant brings error.

*Ramsdell & Gage* and *Norris & Uhl* for plaintiff in error, argued that there was not a sufficient showing of duress to avoid the settlement, and cited *Preston v. Boston,* 12 Pick., 13; *Sanford v. Huxford,* 32 Mich., 313; *Hull v. Swarthout,* 29 Mich., 249.

*E. S. Pratt* and *S. C. Moffatt* for defendant in error. A settlement is not binding unless freely and voluntarily made without fraud or duress of person or property, *Rourke v. Story,* 4 E. D. Smith, 54; a payment obtained by duress, extortion, fraud or imposition, or by taking advantage of one's financial embarrassments, is not voluntary, and the party so making payment can recover back the money so extorted, *Harmony v. Bingham,* 12 N. Y., 108; *Briggs v. Boyd,* 65 Barb., 197; *Shook v. Shook,* 19 Barb., 653; *Wetmore v. Campbell,* 2 Sandf., 341; there may be duress of property as well as of the person, *Shaw v. Woodcock,* 7 B. & C., 73; *Scholey v. Mumford,* 60 N. Y., 498; taking advantage of pecuniary necessity is extreme duress of property and avoids settlement, 1 Pars. Cont., 321-2.

MARSTON, J. The errors assigned and argued in this case were:

*First,* that the conclusion of law of the referees in setting aside the settlement had between the parties is not supported by the finding of facts. In the finding of facts the referees do not say that there was a settlement in fact. They say there was a pretended settlement, and that receipts in full then passed between the parties. They then find facts which in law would be clearly sufficient to justify a court in setting aside whatever was done. Even if all this was struck out it would leave the case, upon the findings, not with a settlement, but a pretended settlement, and a passing of receipts which certainly would not conclude the parties. The

defendant informed the plaintiff that he had stopped the payment of certain moneys due the latter from third parties, well knowing plaintiff's circumstances at the time, and that his failure to get the moneys so due him would result in his financial ruin, and thus compel the plaintiff to settle with the defendant in order that the stoppage might be removed. It is idle to say that such a settlement was free and voluntary, and that it should be sustained. To say that the plaintiff had a legal remedy if a wrong had been done him, or that the commencement of garnishee proceedings would not vitiate a settlement thereafter made between the debtor and creditor, may be true generally; but where the wrong done, as in this case, was for the evident purpose of forcing a settlement not in accordance with the legal rights of the parties, and where the delays incident to litigation would but work the ruin which the plaintiff dreaded,—to hold that because he had a legal remedy for the wrong, and did not avail himself thereof, would not meet the difficulties in a case like the present. The choice offered him was financial ruin or immediate settlement. If this was not obtaining a settlement under duress, it would be difficult to conceive what would be.

*Second,* was the refusal of the referees to find upon the special questions of fact presented, error? Clearly not, as the case is here presented. Whether the facts if found would or would not have been material, we do not determine. We cannot look into the evidence, as it is not a part of the record, and we do not know, therefore, whether there was any evidence from which the referees could have found as requested.

As the case is presented in this court, the only question we can consider is whether the facts found sustain the conclusion of law arrived at by the referees and the judgment of the court, and we are all clearly of opinion that they do.

The judgment must therefore be affirmed with costs.

The other Justices concurred.