Thomas Doyle, Appellant, *v*. The Rector, Churchwardens and Vestrymen of Trinity Church, in the City of New York, Respondent.

A mere refusal to pay a debt does not constitute legal duress, which will avoid a consummated gift, made in consequence of the refusal, and to obtain payment.

Although, where one agrees to work for another for nothing, he may afterwards refuse to do so, if he voluntarily performs his promise he cannot compel payment for the services rendered.

In an action to recover a balance claimed to be due on a contract for sinking an artesian well and for services in repairing said well, the following facts appeared: After B., plaintiff's assignor, had completed the well, defendant, upon the advice of F., who was not an agent of B., procured S. to explode a torpedo in it, thereby causing great damage. Upon a demand by B. for the balance due him, defendant refused to pay unless B. repaired the well, and threatened to repair it and deduct the expense from the amount due. B. protested, but suggested a mode of

repairing.   An agreement was finally made that if defendant would supply the tubing required for the repairs, B. would furnish the labor. Defendant claimed that B. should do so at his own expense; he did not assent to this, but did the work without any other or further agreement, using the tubing furnished by defendant.   In an action to recover the balance due under the contract and for services in making the repairs, *held*, that plaintiff was only entitled to recover the balance; that B., by acquiescing in the terms imposed by defendant and voluntarily doing the work of repairing, must be held to have agreed to give and to have given his work.

(Argued May 2, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 11, 1891, which affirmed a judgment in favor of plaintiff, entered upon the decision of a referee.

This action was brought to recover a balance claimed to be due upon a contract by Jesse Button, plaintiff's assignor, to build an artesian well for defendant, and for services in repairing damages thereto, caused by the explosion of a torpedo.

The facts, so far as material, are stated in the opinion.

*L. A. Fuller* for appellant.   The refusal of defendant to pay Button what was due him was entirely without justification.   (*Peter* v. *Steele*, 3 Yeates, 250 ; *Mansfield* v. *Co.*, 102 N. Y. 205, 211 ; *Mulholland* v. *Mayor, etc.*, 113 id. 631, 632 ; *Constantinides* v. *Walsh*, 146 Mass. 281.)   Button's right to payment is complete unless he intended to part with it. (*Fuller* v. *Kemp*, 16 N. Y. Supp. 158 ; *Booth* v. *Birce*, 38 N. Y. 466 ; *Bigelow* v. *Norris*, 139 Mass. 12.)   Button's right to be paid is as much entitled to favorable consideration as the right of a bankrupt to his discharge.   (*Smith* v. *L. I. R. R. Co.*, 102 N. Y. 191.)   If it can be inferred that Button assented in his mind to their demand that he do the work for nothing there was no legal consideration that could sustain the contract thus implied.   (*Vanderbilt* v. *Schreyer*, 91 N. Y. 400 ; *Converse* v. *Kellogg*, 7 Barb. 596 ; *Davison* v. *Ford*, 23 W. V. 618 ; *Emery* v. *Royal*, 117 Ind. 299.)   If an agreement by Button to do the work for nothing should be implied and

a consideration technically sufficient can be found, the court will inquire whether the unjust advantage taken of Button's position, and the pressure put upon him by defendant does not render the agreement to work for nothing void. (*In re Banner*, L. R. [17 Ch. Div.] 480, 488; *Headly* v. *Hockley*, 50 Mich. 43; *Chandler* v. *Savage*, 114 Mass. 364; *Beckwith* v. *Frisbie*, 32 Vt. 566; *Parmentier* v. *Paton*, 13 Or. 126; *State* v. *Nelson*, 41 Minn. 25.)

*S. P. Nash* for respondent. The printed case contains none of the evidence. The only question is whether the referee has drawn correct conclusions from established facts. It must be assumed that the findings of fact were found upon competent and sufficient evidence. (*Frost* v. *Smith*, 7 Bosw. 108; *Dainese* v. *Allen*, 14 Abb. [N. S.] 363.) The decision of the referee that there was not such duress as to invalidate the new contract must be upheld. (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Wile* v. *Wilson*, 93 id. 255; *McPherson* v. *Cox*, 86 id. 472; *Zoebisch* v. *Von Minden*, 120 id. 406; *Rector*, etc., v. *Teed*, Id. 583; *Wahl* v. *Barnum*, 116 id. 87; *Dunham* v. *Griswold*, 100 id. 224.)

Earl, Ch. J. The record in this case does not contain the evidence given upon the trial, and, therefore, the findings of fact by the referee must be taken as undisputed and true.

Jesse Button, plaintiff's assignor, made a contract with the defendant to sink an artesian well. He fully performed his contract, and there was a balance due him for his work of about $450.

After Button had completed his contract, at the suggestion of A. E. Foth, the defendant made a contract with Mr. Siegle to explode a torpedo in the well to improve the flow of water, for which it agreed to pay him twenty-five dollars. Foth and Siegel both acted in good faith, and they and it believed that the explosion would improve the well. Siegel exploded the torpedo, and it unexpectedly shattered and injured the well. Button was not consulted about the explosion, had nothing to

do with it and knew nothing about it until after the injury was done. Foth was in no way the agent of Button, and did not act for him in making the suggestion of the torpedo, but acted for Seigle. The defendant, however, believed that, in suggesting the torpedo, he acted for Button. Subsequently Button demanded the payment of the balance due him for sinking the well, and it refused to pay him unless he would repair the well, and threatened if he did not repair it that it would do so and deduct the expense thereof from the amount due him. He protested against this and denied his responsibility for the explosion and injury. He then suggested a mode for repairing the well, which required the use of additional iron tubing. It was finally agreed between him and it that if it would supply the new iron tubes required, he would furnish the labor for repairing the consequences of the explosion, it claiming he should furnish the work at his own expense. He did not say that he would do the work without pay. But he went on under the arrangement and did the work without any other or further agreement at an expense of $600, using the tubes provided by the defendant for that purpose. After he had finished the work of repairing, he demanded payment to him of the $600, besides a balance of $134.77 due him upon his original contract. The defendant refused to pay the $600, and then he assigned his claims to the plaintiff, who brought this action to recover $734.77, composed of the two items above mentioned. He recovered judgment for the $134.77, and upon this appeal claims that upon the facts proved, which have been substantially stated, he should also have recovered the $600.

The defendant seems to have had no good reason for requiring Button to repair the well. He had fully performed his contract for sinking the well, and had nothing to do with and was in no way responsible for the injury to the well from the explosion. The torpedo was exploded under an independent contract made by the defendant with Siegel. It is wholly immaterial whether or not Foth appeared to be his agent or was, in fact, his agent. Even if Button had in person sug-

gested the explosion to the defendant, and if upon his sugges-tion or friendly advice given in good faith, it had entered into the contract with Siegel, there is no rule or principle of law which would hold him in any way responsible for the perform-ance of that contract by Seigel, or for the consequences of the explosion. The defendant, therefore, had no shadow of claim against Button for the injury to the well, and, so far as appears, no fair pretext for requiring him to repair the well. It was bound to pay him the $450, and if he had agreed for the pur-pose of inducing it to pay him what it owed him to go on and do the work of repairing at his own expense, it could not have enforced that agreement against him if he had subsequently refused to perform it. It would have been absolutely without consideration. But he accepted the terms imposed by it and did the work after he was informed by it that it would furnish the iron tubes and that he must do the work at his own expense. By acquiescing in these terms and voluntarily doing the work he must be held in law to have agreed to give and to have given his work to the defendant. So long as the contract was executory he was not bound by it. But he could make a vol untary donation of his work as he could of a chattel, and after the donation was fully executed it was complete and irrevoc able. Having agreed to do the work for nothing he could not, after it was performed, claim payment therefor. The defendant, believing Button was under some obligation to repair the well, and acting in good faith, told him that it would furnish the tubes and he must make the repairs at his own expense. He could not then do the work, apparently acquiescing in the claim of the defendant, and still hold it liable for the work by secretly intending all the time to charge it for the work. He was bound to do the work upon the terms proposed by it or not do it at all. He was at least bound to tell the defendant that if he did the work he would do it at its expense, and not otherwise. This is not like the case of one doing work for another merely upon his request, or even without any request or arrangement where the one for whom the work is rendered acquiesces and receives the benefit of it.

But this work was done under the arrangement that he was to do it at his own expense.

He was not compelled to do the work. A gift can undoubtedly be repudiated and reclaimed when it has been obtained by duress. He was under no legal duress or compulsion. The defendant simply refused to pay him what it undoubtedly owed him, unless he would do the work. The courts were open to him as to every other citizen. He could have compelled payment of his claim by suit, and no reason is perceived why he did not compel payment in that way. The defendant did not deprive or threaten to deprive him of access to the courts, or to bar his way to the enforcement of his rights by legal process. A mere refusal to pay a debt without more, certainly does not constitute legal duress which will avoid a consummated gift. If one agrees to work for another for nothing, he may afterward refuse to work. But if he voluntarily performs his promise and does the work, he cannot afterward compel payment for it.

So, upon the findings of the referee, we see no reason to doubt that the judgment below is free from error, and that it should be affirmed, with costs.

All concur.

Judgment affirmed.