### WHITE v. BYSTROM.

(Supreme Court, Appellate Term. April 10, 1908.)

1. PHYSICIANS AND SURGEONS—ACTIONS FOR COMPENSATION—EVIDENCE—SUFFICIENCY.

Evidence in an action by a physician for services *held* to show that, except, perhaps, for the first visit, the physician was not promised, nor did she expect, any reward, but rendered the services through friendship.

2. SAME—CONTRACT OF EMPLOYMENT.

Where a physician was not promised and did not expect any compensation, but rendered the services subsequently charged for wholly through friendship, no compensation therefor can be recovered.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by A. Lenora White against Ernst Bystrom. Judgment for plaintiff; and defendant appeals. Reversed, and new trial ordered, unless plaintiff stipulate to reduce the amount of judgment, in which event the judgment, as so modified, affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Ellery E. Albee, for appellant.

Slater & Press, for respondent.

GILDERSLEEVE, P. J. The plaintiff is a physician, and sued to recover for professional services claimed to have been rendered at the request of the defendant. The defendant claimed that the services were rendered gratuitously and that the plaintiff had no expectation of receiving any compensation therefor. The facts are not seriously in conflict. Defendant's wife had been a practicing physician, and she and the plaintiff had been friends for several years prior to her death. Defendant lived with his wife at Dobbs Ferry, and the plaintiff lived and had her office in this city. Defendant telephoned to plaintiff on March 8, 1906, asking her to come to Dobbs Ferry and bring an electric battery for use on his wife. Plaintiff went to Dobbs Ferry the afternoon of that day, and was taken to defendant's home and into the room where defendant's wife was. Mrs. Bystrom was found to be in a dying condition, and the plaintiff did nothing for her. The plaintiff returned to the city, and came back again later the same evening. The defendant's wife died the following day about 12 o'clock, noon. The plaintiff remained at the defendant's house, and claims she took charge of all the funeral arrangements, going to and from the city for the purchase of articles necessary for the deceased, until after the remains were cremated.

The claim of the defendant that the services rendered by the plaintiff were those of a friend of the family, and without promise or expectation of reward, seems to be supported by a preponderance of evidence, except as to the reasonable value of plaintiff's services for the first visit she made to Dobbs Ferry. It appears from the testimony of a Mrs. Scott, the nurse in attendance upon the deceased, and an apparently disinterested witness, that after the plaintiff had first visited the defendant, and had then ascertained from an examination of his wife that medical services would be of no avail, she declared her intention of returning to the city and to so arrange her own business that she could come back to defendant's house, as a friend of the family, and remain there as such, until after the funeral of her deceased friend. In the letter written to the defendant on March 15, 1906, she, with seeming reluctance, indicated that the sum of $200 would more than reimburse her for any loss of income she might have sustained during her absence from her business, and she also says:

"I have been thinking of your wish that I send a bill. Although it is very kind and thoughtful of you to think of me, I am reluctant to do so. I came back to you because the doctor was my friend, and I loved her, and she needed me, and it was a joy to be of real service; and, secondly, I felt you ought to have some one with you whom you knew was in sympathy with you, and not once did the idea of remuneration enter into my plans."

The plaintiff also admits in the same letter that "the amount which I actually missed during the five days would not figure to much over half that," meaning the one-half of the $200 fixed by her as compensation, and although she stated that, "summing up everything, the whole would not make more than $200 difference in my income," she adds later on, "I will have to leave it entirely in your hands." As before stated, the evidence is plain that, except, perhaps, for the first visit, the plaintiff was not promised, nor did she except to receive, any reward, but, on the contrary, rendered the services subsequently charged for wholly through friendship for the defendant and his wife; and where services are so rendered no compensation therefor can be recovered. Am. & Eng. Ency. of Law (2d Ed.) vol. 15, p. 1079; Doyle v. Rector, etc., of Trinity Church, 133 N. Y. 372, 31 N. E. 221.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless the plaintiff will stipulate within five days to reduce the amount of the judgment to the sum of $100 and appropriate costs in the court below, in which event the judgment, as so modified, will be affirmed, without costs to either party on this appeal. All concur.