CRITERION HOLDING CO., INC., Plaintiff, *v.* B. PETER CERUSSI and Another, Defendants.

Supreme Court, New York County, April 27, 1931.

*Pfeiffer & Crames* [*Joseph Lotterman* of counsel], for the plaintiff.

*Nadel & Eskwitt* [*Lewis Nadel* of counsel], for the defendants.

UNTERMYER, J. This is a motion to strike out the defendants' counterclaim as insufficient in law, and for summary judgment. The counterclaim alleges that the corporate defendant, of which the defendant Cerussi was the principal stockholder, was in financial difficulty. Its applications to various financial institutions for a building loan of $125,000 had been refused. After exhausting all other sources, it employed the Golran Realty Corporation as its agent for that purpose, and through it applied to the New York Title and Mortgage Company for such a loan on the representation of the Golran Realty Corporation that it had great influence with

the title company. It is alleged that the Golran Realty Corporation was aware of the defendant corporation's urgent financial difficulties and that while the negotiations for the loan were pending it threatened to use its influence with the title company to cause the loan to be refused, unless the defendant corporation would enter into the transaction referred to in the complaint. Under the pressure thus applied, it is alleged the defendant corporation was forced to purchase certain property from the Golran Realty Corporation and to execute the bond upon which this action is brought, the payment of which was guaranteed by the individual defendant. It is further alleged that the plaintiff, the assignee of that bond, had full knowledge of these facts. The counterclaim in the original answer was stricken out on the authority of *Levy Leasing Co.* v. *Siegel* (230 N. Y. 634) with leave to plead over. The amended answer, however, complies with the requirements suggested in the *Levy* case, that it must appear that the party alleging to have been coerced will be unable to procure elsewhere the facilities with respect to which the coercion was exercised. The question presented on this motion is thus limited to whether the facts now pleaded, if established, disclose such coercion as to constitute legal duress.

It is true, of course, that duress is not established merely by proof that consent was procured on account of the pressure of financial circumstances. (*McPherson* v. *Cox*, 86 N. Y. 472; *Dunham* v. *Griswold*, 100 id. 224.) Accordingly, a threat to enforce a legal claim by lawful means will never constitute duress. (*Lilienthal* v. *Bechtel Brewing Co.*, 118 App. Div. 205; *MacFarland* v. *Liberty National Bank of New York*, 166 N. Y. Supp. 393.)

Assuming the allegation of the counterclaim to be true, a different situation, however, is presented here. Here it is alleged that at a critical moment in the transaction the Golran Realty Corporation forsook its duty as the defendants' agent, and threatened to take affirmative action to prevent the making of the loan which it had undertaken to procure. These facts, if true, would constitute duress. (*Kilpatrick* v. *Germania Life Ins. Co.*, 183 N. Y. 163; *Adrico Realty Corp.* v. *City of New York*, 250 id. 29; *Van Dyke* v. *Wood*, 60 App. Div. 208, and cases cited; *Ring* v. *Ring*, 127 id. 411; affd., 199 N. Y. 574; *Aronoff* v. *Levine*, 190 App. Div. 172; affd., 232 N. Y. 529; *American Dist. Tel. Co.* v. *City of New York*, 213 App. Div. 578; affd., 243 N. Y. 565; *Vyne* v. *Glenn*, 41 Mich. 112; 1 N. W. 997; *Adams* v. *Schiffer*, 11 Colo. 15; 17 Pac. 21; *Lipman, Wolfe & Co.* v. *Phœnix Assurance Co.*, [C. C. A.] 258 Fed. 544; *Rourke* v. *Story*, 4 E. D. Smith, 54; *Thomas* v. *McDaniel*, 14 Johns. 185.)

The motion to strike out the counterclaim and for summary judgment must, accordingly, be denied. Order signed.