J. R. Construction Corp., Appellant, v. Berkeley Apts., Inc., Respondent.— In an action brought to recover moneys claimed to be due under certain building contracts, in which defendant set up a defense and counterclaim of duress, judgment in so far as it dismisses the complaint and awards costs to defendant, reversed on the law and the facts and a new trial granted, with costs to abide the event. The evidence of duress was insufficient to warrant the submission of the issue to the jury, because of the absence of proof that defendant did not have an adequate legal remedy. (*Doyle* v. *Rector, etc., Trinity Church,* 133 N. Y. 372.) Even if there were such proof, the present record indicates that defendant ratified the disputed agreements. (*Abelman* v. *Indelli & Conforti Co.,* 170 App. Div. 740.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

Winifred O'Malley, Respondent, v. New York Rapid Transit Corporation, Appellant.— Action to recover damages for personal injuries sustained when plaintiff slipped and fell while descending a stairway leading to a station platform of defendant's subway. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

Patrick O'Sullivan and Katherine O'Sullivan, Appellants, v. Frederick Moller, William Moller, Henry Moller and Sophie Moller, as Trustees under the Last Will and Testament of William Moller, Deceased, Respondents.— In an action by the plaintiff-wife to recover damages for personal injuries sustained when she slipped on a stairway made wet by rain water, and by her husband for loss of services and expenses, judgment dismissing the complaint at the close of plaintiffs' case unanimously affirmed, with costs. We agree with the learned trial court that plaintiffs failed to establish negligence on the part of the defendants, but there is an additional reason why the judgment must be affirmed. The action is against the defendants solely in their representative capacity. Such an action does not lie. (*Kirchner* v. *Muller,* 280 N. Y. 23, 28.) Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

Henry G. Schimmel, Respondent, v. Brooklyn Bus Corporation and Bernard J. Dowler, Jr., Appellants.— Action to recover damages for personal injuries suffered by plaintiff, a policeman, who while crossing a street was struck by a bus owned by defendant Brooklyn Bus Corporation and operated by defendant Dowler. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.