Jacob Markowitz, J.
Motion for 'summary judgment in the sum of $7,300. Defendant desiring to construct a 41-story office building purchased the necessary land and buildings including the building in which plaintiff (and his family) resided. Attempting to effect voluntary removals of all the tenants on the site by June 30, 1959, defendant, by separate negotiations, agreed to make certain cash payments to the tenants affected. With respect to the residential tenants, such an arrangement or some alternative arrangement was necessary because of the protection afforded them by law (State Rent and Eviction Regulations, § 58).
*464 Accordingly, on May 27, 1959 the parties herein agreed that upon plaintiff’s removal by June 30, 1959 he would receive from the defendant the sum of $3,000. In ad.diti.on, the current rental was to be waived as of the previous April 1.
When it appeared unlikely that plaintiff would relocate prior to July 6, the day before the scheduled demolition of the buildings, additional conversations took place with respect to plaintiff’s removal. It is contended by the attorney for the defendant that plaintiff ‘ ‘ threatened ’ ’ not to vacate so as to hold up the demolition unless a substantially greater amount was paid to him. This was purportedly initially refused by the attorney, but after consultation with defendant’s officers a “ supplemental agreement ” dated June 30, 1959 was entered into increasing the removal stipend to $7,300 if plaintiff would vacate by July 6. Defendant now refuses to honor this agreement because it contends it was extracted under duress and was lacking in consideration.
It is a general rule that a threat not to perform an existing agreement cannot furnish the ground for a charge of duress so as to relieve the allegedly coerced party from the effect of concessions or payments made through such a coercion. It is incumbent, therefore, on one so coerced to resort to legal remedies; if he yielded he must be considered as doing so voluntarily (Secor v. Clark, 117 N. Y. 350; 17-A Am. Jur., Duress and Undue Influence, § 17).
In support of its position, defendant asserts that the situation herein was such that the legal remedies available were inadequate in light of the probable consequences. It points out that it would have had to resort to regular eviction proceedings under the applicable rent control regulations, thus delaying its scheduled demolition at great cost to itself. This reasoning is sometimes referred to as the ‘1 doctrine of business compulsion ’ ’.
It is established under this doctrine that the making of a contract may be under such circumstances of business necessity as will render the same involuntary and excuse the allegedly coerced party from its performance (see 79 A. L. R. 657 and cases cited), especially where undue advantage or a threat to do an unlawful injury is shown (Creveling v. Saladino, 97 App. Div. 202; Hornstein v. Paramount Pictures, 37 N. Y. S. 2d 404, affd. 266 App. Div. 659). Such appears to be the case here. Upon completion of the first agreement, whereby an extremely adequate settlement was made for the early removal of plaintiff from the premises, defendant had the right to expect such removal without having to seek eviction orders so *465 that its .scheduled demolition could proceed without delay. Plaintiff’s subsequent actions placed defendant in such a position that any available legal remedy open to it would be meaningless in light of the anticipated losses resulting from the recalcitrance of the plaintiff.
The court is well aware of the problems attendant to relocation of tenants in this community. They have been widely publicized, and studies are currently being conducted by the municipal authorities in an effort to ease these problems arising out of the exigencies of progress. So far as plaintiff herein was concerned, however, adequate arrangements to compensate him for the ensuing inconveniences he was faced with were made, and it appears that all available facilities to meet his relocation problem were open to him. The dilemma he later placed defendant in must, therefore, be considered to be that kind of economic duress for which relief may be afforded.
It does appear, however, that it was the essence of the first agreement that plaintiff’s premises be vacated before the demolition date. Thus, although he did not in fact vacate on the date agreed upon therein, presumably because he could not get the apartment he thought he had at the signing of the agreement, there was essential compEance with the purpose of that agreement. This motion for summary judgment is, therefore, granted pursuant to rule 113 of the Rules of Civil Practice to the extent of awarding plaintiff judgment in the amount of $3,000 and dismissing the complaint with respect to the remainder of the demand. Settle order.