Mario Pittoni, J.
Motion to dismiss the complaint pursuant to subdivision 4 of section 106 of the Civil Practice Act is denied.
An examination of the complaint satisfies the court that if the plaintiff establishes the allegations of the complaint relief will he given it for the exaction of an additional sum of money from the plaintiff at a time when there was no immediate legal relief available.
As stated in Adrico Realty Corp. v. City of New York (250 N. Y. 29, 40) quoting from Radich v. Hutchins (95 U. S. 210, 213): “ ‘ To constitute the coercion or duress which will he *30 regarded as sufficient to make a payment involuntary, * * # there must be some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment over the person or property of another, from which the latter has no other means of immediate relief than by making the payment ’.”
Here it is alleged in brief that after a contract of sale of certain land in New Jersey was made on July 9, 1959 the plaintiff purchaser incurred certain obligations with regard thereto in the sum of $28,600, that the defendant sellers refused to close title to the premises on January 22, 1960 unless an additional $10,000 was paid for the release of their wives’ dower interests, that the defendants had willfully withheld all knowledge of dower interests until the time of the closing, that the defendants knew the plaintiff' would rely on the representation of ownership and incur substantial obligations in reliance thereon, that the wives were not present at the time of the closing, that in fear of sustaining a great loss without possibility of recompense, the plaintiff entered a modification agreement whereby it agreed to increase the purchase price by $10,000, that immediately thereafter a deed executed by the defendants and their wives was produced, that no part of the cash consideration was given to the wives and that the purchase-money note and mortgage in the increased amount of $10,000 were made payable to the defendants alone.
The court must assume these allegations to be true. While it may be that legal relief to some extent was available to the plaintiff, the court cannot hold on the complaint and the memorandum submitted that the relief would be immediate or adequate (see Wou v. Galbreath-Ruffin Realty Co., 22 Misc 2d 463).