Walter R. Hart, J.
Plaintiff moves as follows: (a) for summary judgment under rules 113 and 114 of the Rules of Civil Practice, on the amended complaint’s first cause of action *258 against defendant Heckler Electric Company, Inc. (hereinafter referred to as “Heckler” or simply “defendant”); (b) for judgment pursuant to subdivision 7 of rule 110 of the Rules of Civil Practice, dismissing the counterclaim set up in defendant’s answer in that the claim constituting said counterclaim has been released, or, in the alternative, for summary judgment dismissing said counterclaim pursuant to rules 113 and 114 of the Rules of Civil Practice; (c) for an order striking the second separate and affirmative defense from defendant’s answer as being insufficient in law (Rules Civ. Prac., rule 109, subd. 6) and (d) for an order striking the words “ under duress ” from paragraph 6 of defendant’s answer (Rules Civ. Prac., rule 103).
Defendant Heckler cross-moves to dismiss the first and third causes of action of the amended complaint as being legally insufficient (Rules Civ. Prac., rule 92; rule 108, subd. 4).
The facts, so far as needful to a comprehension of the issues here involved are briefly as follows:
Defendant Heckler placed with the plaintiff a purchase order for the furnishing and delivery to it by plaintiff of certain specified electrical equipment. Said equipment was required by defendant in connection with the performance of a contract entered into by defendant with the City of New York, acting through the Department of Public Works, calling for the modification of electrical facilities located in the Municipal Building in the Borough of Brooklyn. Defendant’s purchase order was dated March 10, 1960 and was accepted by plaintiff on March 17, 1960. Thereafter, and in the course of the performance of said agreement, certain disputes arose between plaintiff and defendant with regard to the deliveries and payments called for by the agreement. Thereupon the parties signed an agreement dated September 25, 1961 which, among other things, established an “arbitrary value” for certain circuit breaker take-off devices remaining to be delivered under the purchase order agreement of March, 1960, and which provided, further, for delivery of said items to defendant on a O. O. D. basis. It is claimed by plaintiff that the defendant’s retention of the afore-mentioned items, upon their subsequent delivery to defendant, without making payment on delivery as required under the agreement of September 25,1961, constituted an unlawful withholding and detention of said chattels.
The amended complaint consists of three causes of action as follows: The first cause of action charges defendant Heckler with wrongfully and unlawfully taking possession and detaining from plaintiff certain chattels owned by plaintiff, to wit, 22 circuit breaker take-off steel boxes and contents hereinabove *259 referred to. The second cause of action, which is brought against all three defendants named in the action, seeks recovery on a mechanic’s lien filed with the defendant City of New York and bonded by defendant Seaboard Surety Company, covering a balance of $33,301.81 allegedly due from defendant Heckler to plaintiff under the purchase order agreement of March, 1960 as modified by the purported written agreement entered into between plaintiff and defendant Heckler dated September • 25, 1961. The third cause of action is one to recover the agreed “fair and reasonable value” of $52,931 for “extra” work, labor, services and materials allegedly furnished by plaintiff to defendant at defendant’s “ special instance and request.”
The answer interposed by defendants Heckler and Seaboard Surety contains denials and two affirmative defenses and, in addition, a counterclaim on behalf of defendant Heckler. The first separate defense alleges payment. The second separate defense, which is here sought to be stricken from the answer as being insufficient, alleges that the plaintiff is not entitled to recover in the action since the purchase-order agreement of March, 1960 was breached by the plaintiff in that said party ‘ ‘ failed to deliver the materials as agreed, failed to deliver materials within prescribed times, supplied and furnished defective materials and materials which were incomplete and unfinished, failed, omitted and refused to deliver drawings required by the terms of the agreement and shop drawings within the time or times prescribed therein ”. The defense further alleges that the document purporting to be a contract dated September 25, 1961 is null and void and without any legal effect in that it was entered into by defendant under plaintiff’s threat to withhold all further labor and materials required to be furnished to the defendant under the agreement of March, 1960 and to 11 cause the defendant, Heckler, additional hardship in the completion and performance of its obligations under the terms and conditions of its said contract with the City, and to cause said defendant substantial economic loss ” unless the defendant entered into an agreement with the plaintiff modifying the written agreement of March, 1960; and, that the defendant thereupon signed the agreement of March 25, 1961 ‘ ‘ in order to meet its obligations with the City and to avoid further delay and economic loss ”.
The counterclaim on behalf of defendant Heckler, set forth in the answer, asserts that said defendant was damaged by reason of delays and disruptions caused by plaintiff’s breach of the agreement of March, 1960 and by the refusal of said plaintiff to deliver the materials and drawings which it was obligated to *260 furnish under the aforesaid agreement unless the defendant signed the purported agreement dated September 25,1961.
The reply to the aforesaid counterclaim, in addition to generally denying the allegations of the counterclaim, asserts an affirmative defense of accord and satisfaction based on the above-mentioned agreement of September, 1961.
Turning attention first, in the interests of logical sequence, to a consideration of defendant’s cross motion for dismissal of the first and third causes of action of the amended complaint for insufficiency, the court reaches the view that the challenge directed against said causes of action on this motion is not sustainable. There is no merit to the claim that the failure to allege performance by the plaintiff of conditions precedent of the contract on its part to be performed renders the first cause of action insufficient. The cause of action clearly is in replevin and, therefore, the foregoing requirement, which relates to actions in contract, is not applicable. The merits of the cause of action, or any form of objection such as was sought to be raised in defendant’s reply affidavit, based on grounds other than legal insufficiency, may not be considered on this motion. Similarly, the third cause of action, as has hereinabove been pointed out, is in quantum meruit for “extra” work, labor, services and materials allegedly furnished to defendant, and appears not to be founded on any express contract or, specifically, on either of the agreements expressly pleaded in the amended complaint; hence, there is no requirement that plaintiff allege performance of conditions precedent. (See 3 CarmodyWait, New Tork Practice, pp. 607-608; cf. Royle v. McLaughlin, 195 App. Div. 413.)
The defendant’s cross motion is, therefore, in all respects denied.
Turning next to plaintiff’s motion seeking summary judgment on the first cause of action, the defendant does not dispute the following facts as set forth in the supporting affidavits of plaintiff, to wit: That under the alleged contract of September 25, 1961, which, according to plaintiff’s president, was intended by plaintiff and defendant to constitute a settlement of all disputes between said parties arising out of performance of the agreement of March, 1960, delivery of the circuit breaker take-off devices was to lie made only on a C. O. D. basis; that prior to unloading of the plaintiff’s truck at defendant’s job site and delivery of the items in question to the defendant, the defendant’s president handed to the plaintiff’s employee a check in payment, which the employee, during the course of unloading, discovered was unsigned; that the check was returned to the *261 defendant’s president and the unloading was resumed upon the promise that the check would be signed and delivered on completion of the unloading; that after the unloading operation was completed, the defendant’s president refused to sign and return the check and refused to return the equipment; and, that only 2 of the 24 devices were recovered by plaintiff, the remainder having been placed under lock and key by the defendant.
It is clear from the foregoing that irrespective of whether or not the agreement of September 25, 1961, was valid, there was no intent on plaintiff’s part to part with possession or title unless accompanied by payment. The delivery and possession of the subject chattels was procured by means of trickery and false representations on the part of defendant, so that title did not pass. The plaintiff’s right to recovery in replevin is therefore conclusively established (cf. 13 Carmody-Wait, New York Practice, § 10, p. 146; § 44, p. 180), entitling said party to summary judgment in its favor on the first cause of action. While the amount of the counterclaim alleged in defendant’s answer exceeds that of the plaintiff’s first cause of action, which would require denial of a motion for summary judgment in favor of plaintiff on said cause of action upon a showing of merit as respects the counterclaim (cf. Illinois McGraw Elec. Co. v. John J. Walters, Inc., 7 N Y 2d 874), the defendant, as is hereinbelow pointed out, has failed to assemble and reveal proof sufficient to support the allegations of its counterclaim. On the other hand, the proof submitted by plaintiff is insufficient to establish that the counterclaim is without merit. Under the circumstances, plaintiff is entitled to summary judgment on its first cause of action, but is not entitled to a dismissal of the counterclaim (see Nopco Chem. Co. v. Milner, 12 A D 2d 942). The motion for summary judgment on the first cause of action is granted subject to the following conditions:
(1) That the first cause of action be severed from the cause of action pleaded as a counterclaim by defendant in its answer; (2) that the issues raised by the counterclaim and the reply thereto be determined as though they had arisen in a separate action upon a complaint and answer; and (3) that the entry of the summary judgment in favor of plaintiff on the first cause of action be held in abeyance pending determination of the counterclaim (see Nopco Chem. Co. v. Milner, supra).
As to that branch of plaintiff’s motion which seeks a dismissal of the counterclaim set up in defendant’s answer on the ground that said claim has been released by an accord and satisfaction as embodied in the alleged agreement of September 25, *262 1961, it is manifest that such motion cannot be sustained if there are triable questions presented as to the validity of said agreement by reason of defendant’s claim that it was compelled to sign it under such circumstances of economic compulsion as to render the agreement involuntary and invalid.
In support of its claim of economic duress, the defendant points out the following in its opposing affidavit: That its contract with the city called for completion of the work provided for thereunder by March 4, 1961; that under said contract the city was entitled to recover liquidated damages of $50 per day for each day beyond the afore-mentioned completion date that performance of the contract remained uncompleted; that the said contract with the city permitted the Commissioner of Public Works to declare Heckler in default if it appeared that Heckler was ‘ ‘ unable to complete the contract as and when required ’ ’; that some of the items to be fabricated by plaintiff for defendant could not be obtained elsewhere, and other required materials “ would take too many months to obtain elsewhere ”; and, that the city, through the Acting Commissioner of Public Works, wrote to the defendant in the course of defendant’s performance of its contract with the city, threatening to declare the defendant in default on the contract unless the defendant took the necessary action to complete the work without any further delay. Defendant asserts that if it were declared in default by the city, it would be unable to perform any future government work — “ its very livelihood ” — because “ it would be declared an irresponsible bidder ”; that having once defaulted it would be unable to obtain another performance bond from a surety company; and that in such event it could not continue in business.
A concession or an agreement may be exacted under such circumstances of business necessity or compulsion as will render the same involuntary and unenforcible. (See Ann. 79 A. L. R. 657 et seq.; 17A Am. Jur., Duress and Undue Influence, § 7; Lipin v. Salkin, 6 A D 2d 785; Underhill Constr. Corp. v. Giraldo, 24 Misc 2d 29, affd. 12 A D 2d 945; Wou v. Galbreath-Ruffin Realty Co., 22 Misc 2d 463; Criterion Holding Co. v. Cerussi, 140 Misc. 855.) While a threat to breach an existing contract does not; standing alone, constitute economic duress so as to vitiate a new agreement induced by reason of such threat (Doyle v. Rector, etc., Trinity Church, 133 N. Y. 372, 377; Clasen v. Doherty, 242 App. Div. 502; Manno v. Mutual Benefit Health & Acc. Assn., 18 Misc 2d 80, 82; 30 East End v. World Steel Prods. Corp., 110 N. Y. S. 2d 754, 755), it would appear that the doctrine of economic duress will be applied by the courts so as *263 to declare invalid any such agreement, where it is shown that such legal remedy as may be available to the wronged party by reason of a breach of contract would be meaningless or inadequate in the circumstances in which said party finds himself and that there are no other means of immediate relief available. (See Wou v. Galbreath-Ruffin Realty Co., supra; Underhill Constr. Corp. v. Ciraldo, supra; Manno v. Mutual Benefit Health & Acc. Assn., supra, pp. 82, 83; 30 East End v. World Steel Prods. Corp., supra, pp. 756-758; J. R. Constr. Corp. v. Berkeley Apts., 259 App. Div. 830; J. J. Little & Ives Co. v. Madison Paper Stock Co., 169 N. Y. S. 104, 105 [App Term, 1st Dept.].)
Notwithstanding plaintiff’s contention to the contrary, it would seem that the doctrine may be applied even in the absence of circumstances amounting technically to “ duress of goods.” (See 17A Am. Jur., Duress and Undue Influence, § 7 and other authorities hereinabove cited.)
In light of the prospects which defendant claims it would have had to face if it had been declared in default by the city, the court is of the view that a sufficient showing has been made by the defendant upon the papers and exhibits before the court to raise triable issues as to whether or not the agreement of September, 1961 was exacted under such conditions and circumstances as to render it involuntary and voidable.
As support for its attack upon the sufficiency of the answer’s second affirmative defense which is founded on duress, plaintiff puts forth an argument which should more appropriately have been advanced in support of the instant motion and which accordingly will be dealt with at this point. The argument is that the defendant, by its subsequent acts, such as taking delivery from plaintiff of materials, including the circuit breaker take-off devices, and at no time offering to return the same, must conclusively be deemed to have ratified the agreement of September, 1961. This argument is unsound in view of the issues raised by defendant’s contention that its right to receive delivery was based upon the purchase-order agreement of March, 1960. Moreover, whether the defendant acted to repudiate the contract of September, 1961 promptly or within a reasonable time after the alleged duress ceased to exist, so as to avail itself of a defense based on duress (Port Chester Elec. Constr. Corp. v. Hastings Terraces, 284 App. Div. 966; Papert v. Conway, 107 N. Y. S. 2d 638, 640, affd. 279 App. Div. 892), is not a question which can be summarily determined in favor of plaintiff upon the papers submitted on the instant motion. There is at least a triable question presented as to whether or not defendant’s refusal to make payment upon delivery as *264 required under the agreement of September, 1961 constituted a repudiation of said contract on the ground of duress and a reliance upon the provisions of the purchase-order agreement of March, 1960 as governing delivery.
Since, as has hereinbefore been noted, triable issues exist with respect to the validity of the agreement of September, 1961, plaintiff cannot be said to have established a valid release of claim so as to justify a summary disposition of the counterclaim; and accordingly the motion for judgment dismissing the counterclaim under subdivision 7 of rule 110 of the Rules of Oivil Practice is denied. The alternative application for summary judgment dismissing the counterclaim pursuant to rules 113 and 114 of the Rules of Civil Practice is also denied. While the defendant has raised questions of fact with respect to the alleged breach by plaintiff of the first contract, it has failed to offer any proof of damages flowing therefrom. Nevertheless, it cannot be said as a matter of law that plaintiff has demonstrated that the counterclaim is lacking in merit. In such circumstances, summary judgment dismissing the counterclaim is not warranted. (See Nopco Chem. Co. v. Milner, 12 A D 2d 942, supra.)
Plaintiff’s motion seeking to have stricken from the answer the second affirmative defense, alleging duress, as insufficient in law, is granted with leave to defendant to serve an amended answer as to said defense within 20 days following service of the order to be entered hereon "with notice of entry. As has hereinabove been pointed out, the more threat to breach a contract, without more, does not constitute duress within the doctrine of business or economic compulsion. Defendant has failed to allege under the second affirmative defense facts showing that defendant had no adequate means of immediate relief as an alternative to complying with plaintiff’s demand for a new agreement. For example, no allegation is therein contained that the materials required by defendant for the performance of its contract with the city were not procurable elsewhere or any facts alleged to show that any remedy provided by the courts for a breach of the agreement by plaintiff would be inadequate in the circumstances. (See 30 East End v. World Steel Prods. Corp., 110 N. Y. S. 2d 754, 756-758, supra.)
Finally, the plaintiff’s motion to strike the words “under duress ” from paragraph 6 of the defendant’s answer is granted. The expression is a conclusory one (30 East End v. World Steel Prods. Corp., supra). It is properly a matter of affirmative defense and is not necessary for inclusion as part of the statement contained in paragraph 6 of the answer.