Walter R. Hart, J.
The plaintiff moves pursuant to rule 109 of the Rules of Civil Practice for an order striking for insufficiency the second separate defense contained in the amended answer of defendant Heckler Electric Company, Inc. (hereinafter referred to as “ defendant ”). It is in substance alleged in said defense that the defendant signed under duress and compulsion a purported contract, dated March 25, 1961, modifying a purchase-order agreement theretofore entered into between plaintiff and defendant for the purchase by defendant from plaintiff of certain electrical equipment needed by the defendant for fulfillment of its contract with the City of New York. The duress is alleged to have consisted of a threat on the part of plaintiff to withhold delivery of further equipment, in breach of its purchase-order contract with defendant, unless defendant agreed to sign the alleged modification agreement.
The defense of duress as pleaded in the amended answer, unlike the defense of duress pleaded in the original answer and which was dismissed for insufficiency with leave to plead over (34 Misc 2d 256), contains further allegations indicating that certain items to be delivered to defendant under the purchase-order agreement and which were essential to completion of defendant’s contract with the city, could not be obtained from sources other than plaintiff; that delivery of certain other items if purchased elsewhere would involve a further delay of many months; and that any resultant declaration by the city of a default in the performance of defendant’s contract with it would have made it impossible for defendant to continue in business.
The court is of the opinion that the additional allegations, hereinabove referred to, correct the deficiency which was noted upon the dismissal of the previously alleged defense of duress contained in the original answer, and that sufficient is set forth in the defense as presently alleged to disclose such coercion as would constitute economic duress. The alleged inability of defendant to obtain the necessary supplies and equipment elsewhere is such a circumstance as lends coercive significance to the threat charged to plaintiff (see Criterion Holding Co. v. Cerussi, 140 Misc. 855; 30 East End v. World Steel Prods. Corp., 110 N. Y. S. 2d 754, 757; Little & Ives Co. v. Madison Paper Stock Co., 169 N. Y. S. 104, 105). This allegation as pleaded in the instant defense is not purely conclusory but remains one *227 of ultimate fact. Such allegation, when coupled with the other facts alleged in the instant defense, discloses a situation in which any legal remedy available to the defendant might prove to be inadequate. The defense which is the subject of the instant motion comes within the doctrine of economic duress or compulsion and, as such, constitutes a good defense (cf. Underhill Constr. Corp. v. Ciraldo, 24 Misc 2d 29, affd. 12 A D 2d 945; Wou v. Galbreath-Ruffin Realty Co., 22 Misc 2d 463; Criterion Holding Co. v. Cerussi, supra). The motion is accordingly denied.