PEARSON, Judge.
In a recent opinion this Court held that under the 1961 Mechanic’s Lien Statute [Fla.Stat.1961, § 84.24(2), F.S.A.] a surety upon the bond to which lien had been transferred was not a proper party in an action to establish and foreclose the Mechanic’s Lien. See Kleinman v. Bal Harbour Towers, Inc., Fla.App.1966, 188 So.2d 398. The question presented upon this interlocutory appeal is whether or not that rule has been changed by the enactment of § 84.241, which contains a new subsection as follows:
“(3) Any party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited for an order to require additional security, reduction of security, change or substitution of sureties, payment or discharge thereof or any other matter affecting said security.”
It should be noted that we called attention in the Kleinman case to the fact that *238 our decision was based upon the statute as it existed after the 1961 revision, and that the particular section involved had been changed in the 1963 revision of the Mechanic’s Lien law.
It appears from the plain language of the statute that the intent of the legislature is to allow actions in equity to require the payment or discharge of the surety upon a claimed Mechanic’s Lien. Therefore the reliance of this Court upon Fidelity & Casualty Co. v. D. N. Morrison Const. Co., 99 Fla. 309, 126 So. 151 (1930) is not applicable to the situation created by the 1965 revision. We therefore adopt the reasoning set forth by Judge Barkdull in his dissenting opinion in the Kleinman case. The essential portion of that opinion is as follows:
“The law should not be ridiculous. When the mechanic’s lien was filed, the lienor had a right to seek redress in a court of chancery if he elected and, if successful, to secure a decree directing the amount of the payment of the indebtedness due him; and, in default of same, to have the property improved sold to satisfy the amount. When the property owner elected to transfer the lien to bond, pursuant to the provisions of § 184.24(2), Fla.Stat., F.S.A., the surety [which was obviously compensated] substituted its obligation to pay in place of the property encumbered. And, if the lienor is successful in establishing its right to payment and if same is not forthcoming within a day certain, then it should have a right to go directly against the surety who joined in the issuance of the bond and caused the release of lien in the first instance. To say that the lienor must resort to an independent suit on the bond, when he has been successful in the original action, should not be countenanced by a court of equity.”
The aim of the rules of civil procedure is to allow liberal joinder of parties and claims. Concurrent with this is the policy of equity to grant complete relief and avoid a multiplicity of suits, Miracle House Corporation v. Haige, Fla.1957, 96 So.2d 417.
We hold that Fla.Stat. § 84.241(3) (1965), F.S.A. has changed the law concerning actions against a surety where a lien has been transferred to the security of a bond.
The order dismissing the appellee who was surety on the bond is reversed and the cause remanded.
Reversed.