HENDRY, Chief Judge.
Plaintiff, Tole Electric Co., sought to foreclose an alleged mechanic’s lien. In its final decree the court adjudged that the defendant, Val-Rich Construction, Inc., is indebted to the plaintiff for the sum of $9,930.00 plus costs and attorney’s fee, or a total of $11,473.80. The final decree contained, inter alia, the following:
“That the Defendant, Val-Rich Corporation, as principal, having an interest in the real property upon which the lien herein is imposed and an interest in the contract under which the lien is claimed, has heretofore transferred the lien claimed from the real property to other security as provided in 84.241 Florida Statutes [F.S.A.], The Defendant, as principal, was joined by Birmingham Fire Insurance Company of Pennsylvania, as surety, in effecting such transfer. Thereupon, the real property hereinafter described was released from the lien claimed and such lien was transferred to the said security. The aforementioned bond is in the sum of $13,884.61. The real property hereinabove referred to is legally described as:
“Lots 40, 41, 42 and 43, MAGNOLIA PARK SUBDIVISION, recorded in Plat Book 5, at Page 25, of the Public Records in and for Dade County, Florida.
“That pursuant to Chapter 84 of the Florida Statutes [F.S.A.], and in consideration of the testimony and evidence presented in this cause, the Plaintiff, Tole Electric Co. has a right to a lien on the said security.
# * * * * *
“That a good, valid and subsisting lien, the same having been properly perfected, be and the same hereby is impressed upon the security mentioned above in favor of the Plaintiff, Tole Electric Co., a Florida corporation, in the amount of Eleven Thousand Four Hundred Seventy Three and 80/100 Dollars ($11,473.80).”
The Val-Rich Corporation, as owner of certain property located at 3801 Biscayne Boulevard in Miami, contracted with the defendant-contractor for the construction thereon of a structure known as the Federal Bureau of Investigation Building. The defendant-contractor and the plaintiff then entered into a sub-contract whereby the plaintiff undertook to furnish all necessary labor and materials and install all of the electrical equipment required for the completion of the building for the agreed contract price of $26,500.00. The defendant-contractor paid the plaintiff $21,200.00 but refused to pay the balance due under the aforesaid contract or the further sum allegedly due under additional work orders.
Because of defendant-contractor’s refusal to pay the balance allegedly due, the plaintiff, on May 19, 1964, filed a claim of lien on property owned by the defendant-owner. On July 20, 1964, the defendant-surety, Birmingham Fire Insurance Company of Pennsylvania, joined the defendant-owner in the posting of a surety bond in substitution of the lien. A complaint to foreclose lien was filed by plaintiff on July 29, 1964.
The defendants filed an answer and counterclaim. The answer, amendment to answer and proposed second amendment to answer contained the defense of duress in agreeing to the additional work orders. All allegations of the defense of duress were stricken by the lower court. The defendants’ counterclaim was dismissed.
The defendants raised two points on appeal : the lower court erred in striking the affirmative defense of duress and then asserting in its final decree that the defense of duress had been considered as if it were one of the issues formed by the pleadings; the lower court erred in denying defendants’ motion to transfer the cause to the law side.
Had the lower court erred in striking the defense of duress, defendants’ first point might have merit, however, for the reasons given below, the court was correct in striking the defense.
*488 The gist of the defendants’ defense, referred to as “duress by business compulsion”, is that the defendant-contractor refused to pay the sums here in controversy since the sums were incurred only because the plaintiff wilfully refused and/or neglected to timely perform his electrical work so that the electrical work was not performed as it should have been until the plaintiff had forced the defendant-contractor, under duress and protest, to sign additional work orders providing additional monies for work which should have been covered by the agreed contract price. Further, the defendant-contractor had a completion date to meet, and since it would have been slower or more expensive to secure another electrical contractor at that late date, the defendant-contractor had no alternative but to comply with plaintiff’s demands and sign the work orders.
The consequences of the conduct alleged to be coercive must be without adequate legal remedy or be of irreparable injury to business, or the conduct will not constitute duress.[1]
The defendants’ answer, amended answer and proposed second amendment to answer allege only that plaintiff’s conduct caused delay and efforts to secure another electrical contractor would cause more delay and more exepense.
There is nothing in the pleadings which would indicate that defendants did not have a full and adequate remedy at law for plaintiff’s alleged conduct. Therefore, the court was correct in striking the de-; fense of duress.
In its complaint, plaintiff alleged that the defendant-surety joined defendant-owner in the posting of a surety bond and that said bond was substituted as security for plaintiff’s claim of lien. The defendants’ answer admitted the posting of the bond. Subsequently, all the defendants moved to transfer the cause to the law side alleging that since a sum is prayed for in the complaint there is a valid remedy at law. The motion was denied.
On appeal, the defendants rely on the decision in Fidelity & Casualty Co. of New York v. D. N. Morrison Const. Co., 99 Fla. 309, 126 So. 151 (1930) in support of their contention that the lower court erred in denying their motion to transfer.
In the Fidelity & Casualty Co. decision, it was determined that the liability of the surety could not he determined in equity. This view prevailed prior to the 1963 revision[2] at which time the Legislature enacted a statute which provides for actions in chancery concerning any matter affecting the security which has been substituted for the lien.[3] Presently, the surety is a proper party in an action to foreclose a mechanic’s lien which has been transferred to other security.[4]
No reversible error having been clearly demonstrated, the decree appealed is affirmed.
Affirmed.

. Tri-State Roofing Company of Uniontown v. Simon, 187 Pa.Super. 17, 142 A.2d 333 (1958); Criterion Holding Co. v. Cerussi, 140 Misc. 855, 250 N.Y.S. 735 (1931); 5 Williston, Contracts, § 1818 at 4523 (Rev. ed. 1937).

. Kleinman v. Bal Harbour Towers, Inc., Fla.App.1966, 188 So.2d 398.

. Fla.Laws 1963, § 1 ch. 63-135; § 84.241 (3), Fla.Stat., F.S.A.

. Triangle Distributors, Inc. v. Travelers’ Indemnity Co., Fla.App.1967, 195 So.2d 237, opinion filed February 14, 1967.