(118 App. Div. 205)

LILIENTHAL et al. v. GEORGE BECHTEL BREWING CO.

(Supreme Court, Appellate Division, First Department.  March 8, 1907.)·

1. COUNTERCLAIM—SAME TRANSACTION.

    In an action for breach of contract for the sale of hops, alleged to have been made March 4, 1904, for delivery during the seasons of 1905 and 1906, defendant filed a counterclaim, alleging that after the making of the contract, and in October, 1904, defendant, being indebted to plaintiffs on certain matured notes which it was unable to pay, was refused an extension unless it would cancel a part of the contract and sell back to plaintiffs at a reduced price another contract made in January, 1904, which it was compelled to do by duress, etc.  Held, that the counterclaim did not arise out of the same transaction in the complaint.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Set-Off and Counterclaim, §§ 49–51.]

2. CONTRACTS—NOTES—EXTENSION OF TIME—DURESS.

    Defendant being indebted to plaintiffs on certain matured notes, plaintiffs threatened to sue on the notes unless defendant would cancel a contract which it had with plaintiffs, and defendant, being in financial difficulties, was compelled to accede to plaintiffs' demand, and executed its note to plaintiffs for $800, etc.  Held, that plaintiffs were within their legal rights in exacting the cancellation of the contract, etc., as a consideration for their extension, and that the note was not procured by duress.

3. BILLS AND NOTES—DURESS—WAIVER.

    Where a note was alleged to have been obtained from defendant by duress, defendant waived the duress by subsequently paying the note.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 223.]

Appeal from Trial Term, New York County.

Action by Albert Lilienthal and another against the George Bechtel Brewing Company.  From a judgment overruling a demurrer to defendant's counterclaim, plaintiffs appeal.  Reversed.  Demurrer sustained.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Charles W. Coleman, for appellants.

William D. Gaillard, for respondent.

SCOTT, J.  The complaint alleges that a contract was entered into on March 4, 1904, for sale and delivery by plaintiff to defendant of a quantity of hops, of which a part was to be delivered and received during the season commencing in December, 1905, and a part during the season commencing December, 1906, and that defendant has repudiated the contract and refused to accept the hops deliverable in the season beginning in December, 1905.  The purpose of the action is to recover damages for the breach.

The defendant sets up a counterclaim, the plaintiffs' demurrer to which has been overruled.  The counterclaim alleges that after making the contract set up in the complaint, and in October, 1904, the defendant was in great business distress by reason of the maturity of two notes held by plaintiffs which had fallen due on September 15th and October 12th, respectively, and which defendant was unable to meet; that plaintiffs threatened that they would bring suit on the said matured

notes and put the same in judgment, unless defendant would cancel a part of the contract of March 4, 1904, and would sell back to plaintiffs at a reduced price another contract made in January, 1904; that at the time the hops covered by the last-mentioned contract were worth much more than the contract price, and plaintiffs should have paid defendant a considerable sum for the cancellation of that contract, instead of exacting a payment from it; that the plaintiffs knew the extreme necessity under which defendant was, and that, if defendant permitted the said notes to be put in suit and judgment taken thereon, it would result in the collapse and ruin of the business of defendant; that, owing to its business necessities, defendant was compelled to accede to the demands of plaintiffs, and made the cancellation required and gave to plaintiffs its note for $800, payable eight months after date, without interest; that said note was paid at or after its maturity, and that no consideration, therefore, passed from plaintiffs to defendant, but said note was extorted by plaintiffs from defendant through duress, and by reason of the imminent danger in which defendant's business was at that time, all of which was well known to plaintiffs; that the matured notes aforesaid, which were extended by plaintiffs, were thereafter duly paid; that for the reasons aforesaid the plaintiffs on or about June 14, 1905, received the sum of $800 from defendant without consideration moving to defendant, and judgment is asked for that sum.

In the court below the counterclaim seems to have been treated as one sounding in tort, allowable, however, because it arose out of the same transaction set forth in the complaint. It is clear that the cause of action, if there be one stated in the counterclaim, did not arise out of the contract of March 4, 1904, for the sale of hops, but out of a transaction alleged to have taken place subsequently, to wit, in October, 1904, and in this aspect the counterclaim is not one of those authorized by the Code of Civil Procedure. The defendant insists, however, that it had counterclaimed for money had and received, waiving the tort, and it is only in this aspect that the pleading can be seriously considered. Even thus considered, however, the counterclaim is insufficient. It alleges that the defendant, being unable to meet certain obligations at maturity, sought an extension from plaintiffs, which the plaintiffs were unwilling to give except upon the terms set forth. In taking this attitude the plaintiffs were clearly within their legal rights. They were asked to extend a favor to defendants which they were at liberty to grant or refuse, and, if they granted it, they were entitled to attach conditions and exact consideration for the favor. What it is said they threatened to do was no more than to pursue a legal remedy to which they were entitled, and this does not constitute duress. Martin v. New Rochelle Water Co., 11 App. Div. 177, 42 N. Y. Supp. 893, affirmed 162 N. Y. 599, 57 N. E. 1117; Dunham v. Griswold, 100 N. Y. 224, 3 N. E. 76; Secor v. Clark, 117 N. Y. 350, 22 N. E. 754.

Defendant relies upon Van Dyke v. Wood, 60 App. Div. 208, 70 N. Y. Supp. 324, which differs so completely as to its facts from the present case that it is not applicable at all. In that case, not only was there a duress of property, but the thing which the defendant refused to do without further compensation she had already been fully compensated for, and had expressly promised to do. As the court was

careful to point out, the plaintiff's assignor in that case was not in the position of one who comes to ask of another a favor, which the other may or may not grant at his will. That, however, was the precise position of this defendant when it sought an extension of its overdue obligation. Finally, even if defendant had shown duress, it has effectually waived it. The rule is that when a contract is sought to be avoided as having been procured by duress the party claiming to have been wronged must proceed promptly. If he remains silent, keeps the property received, or recognizes the contract by making payments thereon, he will be held to have waived the duress. Buck v. Houghtaling, 110 App. Div. 56, 96 N. Y. Supp. 1034. In the present case, if any duress could be said to be alleged, it was with reference to the making of the $800 note, not with regard to its payment some months later. That payment waived the duress.

The judgment must be reversed, with costs and disbursements, and the demurrer sustained, with costs, with leave to defendant to amend the answer upon payment of said costs. All concur.

