THEODORE F. KALBFLEISCH, Plaintiff, *v.* JAMES ANDERSON, Defendant.

(Supreme Court, Warren County, August, 1921.)

Contracts — cancellation — threat to pursue legal remedy not duress — insufficiency of complaint — motion for judgment on pleadings granted.

A contract may not be cancelled for duress because of a threat to one of the parties which it is not claimed could or would have injured him.

A threat to pursue a legal remedy cannot be made the basis of an action for the rescission and cancellation of a contract.

One who voluntarily places his property in the possession of another may not recover it back in the absence of some claim that the other person holds it wrongfully.

Pursuant to an agreement between them, defendant paid to plaintiff a certain sum of money and placed a further sum in escrow to await an examination of their accounts. Thereafter the defendant, falsely representing to plaintiff's attorneys that he was indebted to various of his creditors, stated that unless

the amount in escrow was paid to him he would at once become a voluntary bankrupt and in the bankruptcy proceedings would swear that plaintiff knew that he was insolvent when the agreement was made, and that at plaintiff's suggestion and request he concealed himself from his creditors to avoid service of process, and that by reason thereof the payment to plaintiff would be held to be an unlawful preference under the Bankruptcy Act. Plaintiff, acting on the belief that defendant would carry out said threat and under the influence of the fear, coercion and duress created thereby, executed and delivered to the holders of the money held in escrow an order to pay the same to defendant. A complaint alleging the above facts demanded judgment restraining a transfer of said order or any of the money called for by it. *Held*, that though by a motion for judgment on the pleadings defendant admitted that the threat was made and that while under the influence of the fear, coercion and duress created hereby plaintiff executed the order in question, such admission fell short of a concession that the false swearing could bring injury to plaintiff or that the plaintiff believed it could, and the complaint containing no allegation that plaintiff was deceived by defendant in the giving of the order or that the plaintiff believed he could be injured by the false swearing, the motion will be granted, with leave to amend the complaint.

MOTION for judgment on the pleadings.

Brackett, Todd, Wheat & Wait, for plaintiff.

Parsons & McClung (John T. Norton, of counsel), for defendant.

BORST, J. Defendant moves for judgment on the pleadings. The issue presented arises upon the sufficiency of the complaint, the allegations in which briefly summarized are: that the parties on May 17, 1918, entered into an agreement whereby $35,000 was paid by the defendant to the plaintiff and the further sum of $7,500 placed by the defendant in escrow to await the examination of accounts between the parties; that prior to September 12, 1918, the defendant

falsely represented to plaintiff's attorney that he was indebted to various of his creditors in the sum of $150,000, and for the purpose of coercing plaintiff, also stated that unless plaintiff paid defendant $7,500 he would immediately file a petition in bankruptcy and swear in the bankruptcy proceeding that the plaintiff knew that the defendant was insolvent when the agreement of May 17, 1918, was made, and that at plaintiff's suggestion and request, he had concealed himself from his creditors to avoid service of process and that by reason thereof the payment of the $35,000 would be held to be an unlawful preference under the Bankruptcy Act; that all of said statements so made by defendant were false and untrue; that the payment of said $35,000 under said agreement was not an unlawful preference which was known to the defendant at the time he made said statements and threats, " but that acting under the belief that defendant would carry out said threats, and while under the influence of the fear, coercion and duress created thereby," the plaintiff, about September 12, 1918, executed and delivered to his attorney a written order directing the holders of said $7,500 held in escrow, to pay the same to the defendant, and that such payment should be in liquidation and settlement of all accounts between the parties; that thereafter and on December 12, 1918, against the directions of plaintiff, his attorney delivered the said order to the holders of said money and the same is now on deposit in a trust company; that the defendant was at all times indebted to the plaintiff in a sum in excess of $7,500, after deducting said $35,000 paid as alleged. Judgment is demanded restraining the defendant from transferring the written order or any of said moneys until the further order of the court.

The defendant's threat to pursue a legal remedy

cannot be made the basis for the rescission and cancellation of a contract. *Dunham* v. *Griswold,* 100 N. Y. 224; *Town Council of Cahaba* v. *Burnett,* 34 Ala. 400; *Town of Ligonier* v. *Ackerman,* 15 Am. Rep. 323. It does not constitute duress for a party to threaten to pursue a legal remedy to which he is entitled. *Lilienthal* v. *Bechtel Bwg. Co.,* 118 App. Div. 205, 207; Black Rescission & Cancellation, § 232; 13 C. J. 399. We may, therefore, pass to a consideration of the effect that may be given to the threats to swear falsely.

There is no allegation in the complaint that the threats could or would produce injury to the plaintiff or that his rights or interests would be jeopardized thereby. It is only alleged that plaintiff was induced to sign the order by the threats of false swearing. It was a naked threat on the part of defendant to go into court and commit a crime in the court without any charge that plaintiff believed injury could come to him therefrom. It cannot be assumed by a court of justice that a threat to swear falsely, if carried to a consummation, would be effective in producing a result. There should be some allegation in the complaint that the threats could or would injure plaintiff. He yielded to a threat which apparently conveyed no imputation that any damage could come to him if carried into effect. In *Radich* v. *Hutchins,* 24 U. S. (Law. ed.) 409, it is stated, "A payment is not to be regarded as compulsory, unless made to emancipate the person or property from an actual and existing duress imposed upon it by the party to whom the money is paid." Here there is no allegation of any power possessed or believed to be possessed to do injury. *Kamenitsky* v. *Corcoran,* 177 App. Div. 605.

It may well be that the plaintiff knew when the threats were made that the filing of a petition in

bankruptcy and the false swearing alleged, could not affect his right to the $35,000 and $7,500 as that may have been to his knowledge so securely fortressed by other evidence that no injury could come to him. As stated in Black on Rescission and Cancellation, section 231: " To constitute duress by threats, they must presage some specific and particular injury or disaster presently to be inflicted upon the person threatened. Vague menaces of harm, or assertions of indefinite future trouble, cannot be supposed to influence, much less to control, the mind and will of any reasonable being. And further, however specific the threats may be, they cannot be called duress unless they awaken a real and not unreasonable apprehension in the mind of the person acted on. Hence they must be accompanied by at least the apparent power to inflict the injury threatened. Whether or not that power exists, they must at least excite a reasonable belief that the person who threatens has at hand the means of carrying his threats into present execution," and at section 226, the same author adds: " Further, it must appear that the act brought about by the execution of duress was injurious to the party coerced or gave an unlawful benefit or advantage to the other party."

By this motion defendant admits the threats were made, and that while under the influence of the fear of coercion and duress created thereby, plaintiff executed the order in question, but this falls far short of a concession that the false swearing could bring injury to the plaintiff, or that the plaintiff believed it could. A threat which is not claimed could or would injure the plaintiff, may not be said to be a reason for cancelling a contract made because of it.

The action is not based upon fraud but a recovery is sought based upon duress, pure and simple. There

is no allegation that plaintiff was deceived by the defendant in the giving of the order. That is wanting, as well as the allegation that the plaintiff believed he could be injured by the false swearing. One who voluntarily places his property in the possession of another may not recover it in the absence of some claim that the other holds it wrongfully — some right to it must be stated, some reason given why it should be returned. *Redmond* v. *Mayor, etc., of New York,* 125 N. Y. 632, 636; *Waite* v. *Leggett,* 8 Cow. 195, with note 18 Am. Dec. 441. Here the plaintiff "fell at the first blast of the bugle before an armed retainer appeared."

Other criticisms are urged against the complaint, but the one considered is sufficient to entitle the defendant to the relief he asks; the others, therefore, are not considered.

Motion granted, with ten dollars costs, with leave to plaintiff to amend on payment of costs.

Motion granted, with ten dollars costs.