PORT CHESTER ELECTRICAL CONSTRUCTION CORP., Appellant, v. HASTINGS TERRACES, INC., et al., Respondents, et al., Defendants.— In an action by a subcontractor to recover on two notes made by the corporate respondent (owner) and indorsed by the individual respondents and defendants, and for other relief, plaintiff moved to strike from respondents' second amended answer three defenses and counterclaims on various grounds. The motion was granted in part and denied in part. Plaintiff appeals from so much of the order which denies its motion with respect to the third and fourth counterclaims. Order modified by adding to the second ordering paragraph the words "and Third Counterclaim" after the words "Fourth defense"; by striking from the second ordering paragraph the word "is" after the word "hereby" and by substituting therefor the word "are"; by striking from the second ordering paragraph the words "it does" and by substituting therefor the words "the same do"; by adding to the second ordering paragraph the words "and do not state facts sufficient to constitute a counterclaim or a cause of action against the plaintiff" after the word "complaint", and by striking from the fourth ordering paragraph the words "Third counterclaim and". As so modified, the order is affirmed, with $10 costs and disbursements to appellant. The third counterclaim alleges that about May 11, 1951, respondents executed, indorsed and delivered to appellant two notes (other than those on which plaintiff brought suit) ; that they were thereafter presented for payment and paid by respondents; that said notes were executed, delivered and paid under duress. Judgment is demanded for the return of the moneys paid. In our opinion, the third counterclaim is insufficient. The service of the summons and complaint was effected on or about February 26, 1952. The answer was served on March 18, 1952, and contained a general denial. An amended answer, also served in March, 1952, made no reference to the claimed duress. The first time that respondents in any pleading asserted a claim of duress with respect to the payment of the principal of the two notes involved in this counterclaim was on February 16,

1953, when the second amended answer was served. A contract procured by duress exercised by means of threats is not void but voidable. One who would repudiate such a contract on the ground of duress must act promptly, or he will be deemed to have elected to affirm it. (*Colon & Co.* v. *East 189th St. Bldg. & Constr. Co.*, 141 App. Div. 441.) In the instant action the duress, if any, terminated in November, 1951. Under the circumstances here present we hold that the failure of the respondents to assert the claim of duress for such an unreasonable length of time constitutes a waiver of this claim and an affirmance of the contract. The fourth counterclaim is based upon an assignment to respondents of a claim against appellant in favor of the general contractor. It is alleged that appellant failed to perform its subcontract and to complete the same timely and expeditiously, thereby causing the general contractor to sustain damages for (a) additional wages and overhead; (b) expenditures of money to complete the work required to be done by appellant under the subcontract; and (c) liability of the general contractor to the corporate respondent (owner) for certain other damages. Without passing upon the respondents' right to recover for the various items of damage claimed in this counterclaim, it does appear that as a pleading it is sufficient in that recovery may be had on one or more of the items of damage alleged. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.