■ ANTHONY T. FEYH, Individually and Doing Business as WYCKOFF PRESS, Respondent, v. BRANDTJEN & KLUGE, INC., a Minnesota Corporation, Appellant.— In January, 1947, respondent ordered two printing presses from appellant at a specified price and terms of payment. The contract contained a clause providing that " These prices subject to increase at vendor's option to effective permitted legal prices prevailing on date of shipment with addition [sic] cash increase subject to same terms ". The presses were not ready for delivery to respondent's premises until October, 1948, at which time appellant demanded the increased price then prevailing before it would make delivery. Respondent acceded to that demand, made the additional cash payment required, and executed a series of notes, secured by a chattel mortgage, in the larger amounts requested. The notes were paid as they became due. Over six months later, respondent for the first time advised appellant that he had been over-charged and thereafter instituted the instant action for a reformation of the contract so as to conform it to the original agreement, and for other relief, claiming that he had agreed to the increased price only because he required the presses in his business. The Special Term held, in substance, that the clause above quoted afforded no justification for the price increase and that respondent was entitled to judgment because of the duress practiced on him by appellant. The appeal is from the judgment entered thereon. Judgment reversed on the law, with costs, and complaint dismissed, with costs. The findings of fact are affirmed. In our opinion, the increased price could properly be demanded under the provisions of the escalator clause in the original contract signed by respondent. Under the plain and unambiguous terms of that clause, appellant had the right to charge the price prevailing on the date of shipment, provided that such price was not prohibited by any provision of law. Since it is undenied that the price demanded was the prevailing price throughout the country, and that it was not prohibited by law, the clause was valid and binding. (*Brandtjen & Kluge* v. *Landres*, 146 N. Y. S. 2d 453; cf. Personal Property Law, § 90, subd. 1; *Argus Co.* v. *Mayor, Aldermen & Commonalty of City of Albany*, 55 N. Y. 495, and *Franklin Sugar Refining Co.* v. *Lipowicz*, 247 N. Y. 465.) If it be assumed that the original contract was modified to provide for the increased price, respondent may not avoid such modification on the ground of duress. There was no proof that presses capable of doing the work for which appellant's machines were intended were unobtainable, nor did it appear that

respondent was without an adequate remedy at law for any breach by appellant of its contract. On the record presented, the general rule applies that a threat by a party to a contract to commit a breach thereof does not constitute legal duress sufficient to avoid a modifying agreement. (Cf. *Halperin* v. *Wolosoff*, 282 App. Div. 876, motion for leave to appeal denied 306 N. Y. 983, and cases cited therein.) In any event, the alleged modification, even if induced by duress, was not necessarily void but merely voidable, and a party seeking to avoid such a contract must act promptly to repudiate it. (Cf. *Matter of Minkin* [*Halperin*], 279 App. Div. 226, 233, affd. 304 N. Y. 617.) Respondent's long delay in asserting the claim of duress and his payment of the notes, executed as required by the alleged modification, constituted a waiver of the claim of duress and an affirmance of the contract. (Cf. *Oregon Pacific R. R. Co.* v. *Forrest*, 128 N. Y. 83; *Matter of Minkin* [*Halperin*], *supra*; *Port Chester Elec. Constr. Corp.* v. *Hastings Terraces*, 284 App. Div. 966, and *Lilienthal* v. *Bechtel Brewing Co.*, 118 App. Div. 205.) Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ., concur; Beldock, J., concurs in result, with the following memorandum: I agree that there was no duress and that, even if there were, it was waived by payment of six monthly notes after the alleged duress had taken place. However, I do not agree that the clause of the contract quoted by the majority gave appellant the right to increase the agreed price for the two presses. The price was fixed by a contract made two months after price controls had ended. The quoted clause may have permitted appellant to increase the price for the presses during the period of price controls if the increase in the "legal" price were authorized by governmental authority. In the absence of price controls and the fixation of the maximum price by some authority authorized to establish and maintain it, any price was permitted and there was no "legal" price within the meaning intended by the parties. In my opinion, appellant had no right to increase the price of the machines beyond the contract price in the absence of an effective "legal" maximum. [207 Misc. 171.]