■    I. Theodore Leader, Respondent, v. Dinkler Management Corporation, Appellant, et al., Defendant.— In an action to recover alleged usurious interest and damages for being deprived of certain stock, defendant Dinkler Management Corporation appeals from an order of the Supreme Court, Nassau County, entered February 24, 1966, which denied its motion for summary judgment. Order reversed, with $10 costs and disbursements, motion granted, complaint dismissed as to appellant corporation, and action severed as to defendant Durst. In our opinion, there is no showing that the loan made to a corporation and guaranteed by plaintiff and defendant Durst was in fact made to plaintiff and Durst individually, though in form to the corporation, to hide the fact that appellant exacted an illegal rate of interest. The loan was not an illegal, usurious loan and the interest paid may not be recovered as usurious interest (Jenkins v. Moyse, 254 N. Y. 319; Werger v. Haines Corp., 277 App. Div. 1108, affd. 302 N. Y. 930). The issues in dispute, after the loan was repaid, were settled after lengthy discussions and general releases were exchanged on May 3, 1963. The plaintiff contends that economic duress compelled the settlement. This action was instituted on November 21, 1963. The settlement, even if induced by economic duress, was not necessarily void but merely voidable, and a party seeking to avoid a contract induced by duress must act promptly to repudiate it (Port Chester Elec. Constr. Corp. v. Hastings Terraces, 284 App. Div. 966; Feyh v. Brandtjen & Kluge, 1 A D 2d 1014, affd. 3 N Y 2d 971; Faske v. Gershman, 30 Misc 2d 442, 446). In our opinion, in the circumstances here presented, plaintiff's delay in asserting the claim of duress constituted a waiver of the claim of economic duress. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.