Irving WEINRAUB, Earl Adler, Howard Miller, Murray Winter and Burton Matfus, Plaintiffs,

v.

INTERNATIONAL BANKNOTE COMPANY, INC., B. T. Babbitt, Inc., B. T. B. Corporation, Edward H. Weitzen, Barry Hirsch and David Bernstein, Defendants.

No. 75 Civ. 5683 (CHT).

United States District Court, S. D. New York.

July 7, 1977.

Alan Paul Weinraub, and William Greenberg, New York City, for plaintiffs.

Simpson, Thacher & Bartlett, New York City, for defendants; Melvyn L. Cantor, John J. Poggi, Jr., New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

This action was commenced in November 1975 and alleges that defendants violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 230.10b–5, promulgated thereunder, and the common law in connection with defendants' 1969 acquisition from plaintiffs of certain stock. Plaintiffs allege that they were fraudulently induced to enter the securities transaction. Defendants moved for summary judgment, relying upon a letter agreement dated January 1, 1971 containing a general release from any liability arising out of that transaction. In an opinion dated October 19, 1976, this Court denied the motion without prejudice to later renewal, and subsequently permitted reargument of the motion on the issue of plaintiffs' alleged economic duress. *See*

Weinraub v. International Banknote Co., Inc., 422 F.Supp. 856 (S.D.N.Y.1976).

Under New York law, which the parties agreed would control the agreement,[1] a transaction is not void but merely voidable by a party who claims that his consent was induced by economic duress. *Austin Instrument, Inc. v. Loral Corp.*, 29 N.Y.2d 124, 324 N.Y.S.2d 22, 272 N.E.2d 533 (1971). However, New York law holds that "one who would recover moneys allegedly paid under duress must act promptly to make his claim known." *Id.* at 133, 324 N.Y.S.2d at 28, 272 N.E.2d at 537. In that case the court held that although Loral Corporation delayed three days before seeking to disaffirm the contract, the delay was reasonable under the circumstances and therefore the company would be allowed to establish its claim of economic duress. *Id.*

Plaintiffs in the case at bar did not commence their lawsuit challenging the 1971 agreement until November 1975, almost five years after the disputed agreement was executed. Clearly, this is not prompt action. Plaintiffs now claim that the release contained in the 1971 agreement

"should not bar this action because they allegedly executed the 1971 release in reliance upon the advice of counsel, to the effect that the release 'probably would be declared void as against public policy in any future securities fraud litigation [commenced by plaintiffs] . . . and that the release probably would not constitute a bar to legal action for damages incurred on account of fraud under the Federal Securities Laws.' "[2]

---

1. Both the original 1969 Agreement and the 1971 Agreement, containing the release, contained New York choice of law provisions. See Exhibit B to defendants' Notice of Motion and affidavits, filed January 30, 1976, at 61; and Exhibit D to said papers, at 6. In general, the courts will apply the law chosen by parties to a contract, except as forbidden by some superior public policy. *Cf. Lauritzen v. Larsen,* 345 U.S. 571, 588–89, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). On the facts of this case, we are aware of no overriding public policy concern which would justify supervention of the applicable New York law of contracts.

2. Affidavit of Irving Weinraub, sworn to May 24, 1977, ¶ 5; Affidavit of Earl Adler, sworn to May 31, 1977, ¶ 5; Affidavit of Howard Miller, sworn to May 27, 1977, ¶ 5; Affidavit of Murray Winter, sworn to May 27, 1977, ¶ 5; Affidavit of Burton Matfus, sworn to May 27, 1977, ¶ 5. Plaintiffs argue either that their former attorney counseled against a suit of this nature due to expense, or that since 1971 they have been unable "due to losses . . . sustained caused by the defendant's fraudulent conduct . . . to retain suitable counsel for an action of [this] nature. . . ." (Affidavit of Howard Miller, sworn to May 27, 1977, ¶ 6; Affidavit of Irving Weinraub, sworn to May 24, 1977, ¶ 6).

Plaintiffs essentially argue that their reliance upon counsel's advice excuses the tardiness in their challenge of the 1971 agreement as fraudulently induced and assented to under duress. However sympathetic the Court may be towards the parties' reliance upon counsel's advice, it cannot allow their mistaken tactical choices in this instance to excuse them from their legal obligation to promptly disaffirm the 1971 agreement containing the release. It is knowledge of the fact of their alleged claim and failure to act thereon that binds plaintiffs, and not their beliefs as to the legal implications thereof. *See Weiss v. Mayflower Doughnut Corp.,* 1 N.Y.2d 310, 316, 152 N.Y.S.2d 471, 474, 135 N.E.2d 208, 210 (1956). New York cases have held that delays of two years and even less in asserting claims of duress constitute waivers of the claim. *Port Chester Electrical Construction Corp. v. Hastings Terraces, Inc.,* 284 App.Div. 966, 134 N.Y.S.2d 656 (2d Dep't 1954); *Leader v. Dinkler Management Corp.,* 26 A.D.2d 683, 272 N.Y.S.2d 397 (2d Dep't 1966). Plaintiffs' good faith reliance upon counsel's mistaken advice cannot excuse the legal consequences of their failure to earlier raise the claim of economic duress. In such situations the unfortunate parties must seek their remedies, if any, from counsel and not the opposing parties.

Since it is clear that plaintiffs failed to promptly raise the issue of economic duress to challenge the 1971 agreement containing the release, this Court must hold that the release signed by plaintiffs bars their present action. Accordingly, summary judgment is granted in favor of the defendants, and the action is hereby dismissed.

So ordered.