■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of MARTIN GONZALEZ, Petitioner, v CENTRAL BUFFALO PROJECT CORPORATION, Respondent.—Order of appeal board unanimously confirmed and petition denied, without costs. (Proceeding pursuant to Executive Law, § 298.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ MARINE MIDLAND BANK, Appellant, v EDWIN J. STUKEY et al., Respondents.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff bank appeals from an order denying its motion for summary judgment in an action to collect the balance due on a promissory note concededly executed by defendants on October 10, 1975. Plaintiff also appeals from that part of the order denying its summary judgment motion to dismiss defendants' counterclaims which assert causes of action based on fraud and negligence arising out of transactions concerning a guarantee executed by defendants in connection with the sale of their pharmacy in July of 1969. Defendants became liable as guarantors when the purchasers of the pharmacy declared bankruptcy, and the October 10, 1975 note pertains to that liability. Special Term denied summary judgment on the October, 1975 note, finding that a triable factual issue was raised by defendants' statement in their answering affidavit that representatives of the plaintiff coerced them into signing the note by advising then that unless defendants, who had other, unrelated outstanding obligations to plaintiff, signed a note for the amount of the guarantee, plaintiff "would then make all obligations owed by Defendants * * * to the Marine Midland Bank due and owing." There is no claim that the other obligations due from defendants to the bank were illegal or not lawfully owed to the bank. In our opinion, defendants' allegations, even if accepted as true, would constitute no defense to the note. The threatened exercise of a legal right cannot constitute duress (see *Tarrytown Nat. Bank & Trust Co. v Clark,* 261 App Div 937). Moreover, because defendants admittedly paid interest on the note without protest from October 10, 1975 until October 1, 1978, their claimed defense of duress has been waived (see *Greenpoint Nat. Bank of Brooklyn v Gilbert,* 237 NY 19, 22; *Feyh v Brandtjen & Kluge,* 1 AD2d 1014, 1015, affd 3 NY2d 971; *Lilienthal v Bechtel Brewing Co.,* 118 App Div 205, 207). Thus, it was error to deny summary judgment on the note. We agree with the denial of summary judgment against defendants on their counterclaims for the reasons stated by Special Term (CPLR 203, subd [c]). Under the circumstances, as a matter of discretion, we direct that summary judgment on the note may be entered, but execution thereof stayed pending resolution of the defendants' counterclaims (CPLR 3212, subd [e], par 2; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:31, C3212:32; *Stigwood Organisation v Devon Co.,* 44 NY2d 922, 923). (Appeal from order of Oneida Supreme Court—summary judgment.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.