■ WESTERN NEW YORK GEOLOGICAL SERVICES, INC., Respondent, v SARA MAURO, Appellant.—Judgment unanimously reversed on the law without costs and motion denied. Memorandum: Defendant entered into two interrelated written agreements with Western New York Geological Services, Inc. (WNYGS) which were apparently designed as tax shelters. Defendant paid $40,000 under the first agreement, whereby plaintiff was to apply for a maximum of 1,800 oil and gas leases between December 1980 and December 1981. In connection with the second agreement under which plaintiff was to provide advice on the leases, defendant agreed to pay $100,000, which was funded by a promissory note in that amount given by defendant to Marine Midland Bank. She made some interest payments in 1981 and 1982. Marine Midland assigned the note to plaintiff in May 1982, and plaintiff sued defendant on the note in 1986. Defendant's verified answer asserted that plaintiff made false and fraudulent representations to her which induced her to sign the note, including a promise called a "put option" to buy leases acquired by defendant under plaintiff's program one year after defendant's acquisition.

Special Term erred in granting plaintiff's motion for summary judgment as plaintiff failed to meet its burden of proving entitlement to summary judgment in the first instance *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). With respect to the allegations of fraud in defendant's verified answer, the affidavit of plaintiff's president in support of the motion for summary judgment made the bare statement that no fraud took place in connection with defendant's program. He further stated that he personally had no discussions with defendant regarding the program, and that defendant was enrolled through Francis Barrato, apparently plaintiff's agent. There was no affidavit by Barrato. We conclude that plaintiff failed to show that there are no triable issues of fact with respect to defendant's allegations of fraud. Nor has plaintiff established that defendant's payment of interest constituted a waiver of her fraud defense, since there is a question of fact concerning when defendant learned of the alleged fraud *(cf., Marine Midland Bank v Stukey,* 75 AD2d 713, *affd for reasons in mem below* 55 NY2d 633). Further, plaintiff's

failure to rebut the fraud defense precludes summary judgment against defendant at this juncture, but plaintiff may renew its motion after the completion of pretrial proceedings, if so advised *(see, Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194). (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.