■ SCARSDALE NATIONAL BANK AND TRUST COMPANY, Appellant, v S.E.W. PRODUCTIONS, INC., et al., Defendants, and VERDELL F. HILLARD, Respondent.—In an action to recover on three promissory notes and a written guarantee of payment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 14, 1988, which denied its motion for renewal of its prior motion for summary judgment against the defendant Verdell F. Hillard.

Ordered that the order is reversed, on the law, with costs, the motion is granted, upon renewal, summary judgment is awarded in favor of the plaintiff and against the defendant Verdell F. Hillard, and the action against the remaining defendants is severed.

The record reveals that on June 18, 1986, the defendant Verdell F. Hillard (hereinafter Hillard) executed an unconditional and continuing guarantee whereby she agreed to absolutely and unconditionally guarantee to the plaintiff the payment "of all obligations * * * now existing or hereafter created or acquired" by her codefendant S.E.W. Productions, Inc. The instrument contained an express waiver of all notices and defenses by Hillard and recited that Hillard: "has not relied on any representation or other guarantee as an inducement or condition to execute this Guarantee, by anyone, including without limitation any officer, employee or agent of the [plaintiff] Bank".

Thereafter, S.E.W. Productions, Inc. executed three promissory notes to the plaintiff for the sums of $25,000, $15,000 and $8,000, respectively. Upon the debtor's default, the instant action was commenced by the plaintiff to, *inter alia,* recover on the written guarantee executed by Hillard. Hillard's answer asserted the affirmative defenses of fraud and deceit, failure of consideration, and failure to state a cause of action.

The plaintiff subsequently moved for summary judgment against Hillard, and Hillard opposed the motion on the ground that she had been fraudulently induced by the plaintiff's representative to execute the guarantee upon certain representations to the effect that she was merely acting as a

cosigner on a $25,000 loan for a period of 60 days. The Supreme Court denied the motion, observing that Hillard's allegations raised issues of fact regarding the circumstances attendant to her execution of the guarantee. The plaintiff thereafter deposed Hillard and then moved to renew its prior motion for summary judgment. The Supreme Court denied the motion, concluding that a trial was still required to resolve Hillard's defense of fraudulent inducement. We now reverse and grant summary judgment in favor of the plaintiff and against Hillard.

Hillard's mere assertion that she did not intend to guarantee payment of any sum greater than $25,000 or for any period in excess of 60 days fails to raise a triable issue of fact in view of the express terms of the guarantee, which provide that the instrument applies to any debts acquired in the future, and is continuing and without any temporal limitations. Where, as here, the language of the instrument of guarantee expressly and unambiguously creates an unconditional guarantee and contains no limiting provisions, the guarantor is precluded from claiming that she intended the instrument to have only limited applicability *(see, Norstar Bank v Prompt Process Serv.,* 117 AD2d 589; *National Bank v Dogwood Constr. Corp.,* 47 AD2d 848). Likewise, Hillard cannot avoid liability by claiming that she failed to read the document *(Pimpinello v Swift & Co.,* 253 NY 159), and her defense of lack of consideration is patently without merit *(see, Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701; *Dunkin' Donuts v Liberatore,* 138 AD2d 559).

Similarly unavailing is Hillard's claim of fraudulent inducement, as the instrument itself provides that it is absolute and unconditional, and it further recites that she did not rely upon any representations as an inducement to its execution *(see, Citibank v Plapinger,* 66 NY2d 90; *Scarsdale Natl. Bank & Trust Co. v Stein,* 151 AD2d 468; *Agway Petroleum Corp. v Peck,* 115 AD2d 577). In any event, Hillard has failed to come forward with factual support for her fraud claim. Indeed, the claim is belied by her deposition testimony, wherein Hillard admitted that the plaintiff's representative made no false, misleading or coercive statements to her and answered all of her questions prior to the execution of the guarantee. Under these circumstances, Hillard has failed to raise a genuine triable issue of fact with respect to her defenses and the plaintiff is entitled to summary judgment *(see, e.g., Barclay Arms v Barclay Arms Assocs.,* 74

NY2d 644; *Columbus Trust Co. v Campolo, supra)*. Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.