**Daniel J. HENKIN, Plaintiff–Appellant,**

v.

**GENERAL ELECTRIC CREDIT CORP., et al., Defendants–Appellees.**

No. 90–1880.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1990.

Decided Feb. 25, 1991.

Robert J. Palmer, Arthur A. May, Jeffery A. Johnson, May, Oberfell & Lorber, South Bend, Ind., for plaintiff-appellant.

Stephen H. DeBaun, Atlanta, Ga., for defendants-appellees.

Before BAUER, Chief Judge, MANION, Circuit Judge, and WILL, Senior District Judge.*

WILL, Senior District Judge.

Daniel Henkin sued General Electric Credit Corporation ("GECC") on various grounds alleging that GECC had forced him to sell his three musical instrument companies at prices below their fair market

---

* The Honorable Hubert L. Will of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation.

value. The district court granted summary judgment for GECC on the basis that a mutual release barred Henkin's suit. The court rejected as untimely Henkin's defense that the release was void because he had signed it under duress. Henkin appeals. We affirm.

I

In June 1983 Henkin, who owned two musical instrument companies, Marden Corporation and Armstrong, Inc., signed an intent to purchase the stock of a third company, King Musical Instruments, Inc. Henkin was contacted by a representative of GECC who offered to loan him the money necessary to complete the King acquisition. Henkin agreed to have GECC finance the purchase.

Henkin's companies entered into loan agreements with GECC, expressly governed by New York law. Under the agreements, GECC agreed to loan Henkin up to $15 million and Henkin was required to post a $250,000 commitment fee and transfer the loan portfolios of Marden and Armstrong to GECC. Henkin personally guaranteed the indebtedness up to $1.5 Million secured by municipal bonds. Henkin's companies defaulted on the terms of the loan agreements.

Henkin negotiated with Skane–Gripen AB, another defendant, to sell his companies. They entered into a sales agreement on October 9, 1985 which included terms for Henkin's payment of his obligations to GECC. At the same time as the purchase agreement was executed, a representative of GECC signed a mutual release with Henkin. The release relieved Henkin of his personal obligations to GECC and discharged GECC from any claims arising under the loan agreements with Henkin's companies. The parties do not dispute that on its face the release bars all claims asserted by Henkin against GECC.

Two years later, in October 1987, Henkin sued GECC. GECC moved for summary judgment on February 22, 1988 contending that the release barred Henkin's suit. Henkin responded on April 21, 1988 that the release was void because he had signed

it under mental and economic duress. GECC replied that Henkin had waived his right to challenge the release by acquiescing to its terms for two-and-a-half years, from October 1985 to April 1988.

The district court entered summary judgment in favor of GECC, holding that under New York law Henkin's two-and-a-half year delay, running from the time the release was signed until Henkin filed his reply to GECC's motion for summary judgment, precluded him from repudiating the release on the ground of duress. We review the district court's grant of summary judgment de novo to determine that there is no issue of material fact and that GECC was entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The parties agree that New York law controls.

II

■ Under New York law, a party must act promptly to avoid a release on the ground of duress or waives the right to do so. *Port Chester Electrical Construction Corp. v. Hastings Terraces, Inc.*, 284 A.D. 966, 134 N.Y.S.2d 656, 658 (1954); *DiRose v. PK Management Corp.*, 691 F.2d 628, 633 (2d Cir.1982), *cert. denied*, 461 U.S. 915, 103 S.Ct. 1896, 77 L.Ed.2d 285 (1983). Failure to challenge the release within a reasonable time constitutes a ratification of its terms. *Sheindlin v. Sheindlin*, 88 A.D.2d 930, 450 N.Y.S.2d 881, 882 (1982); *Citibank, N.A. v. Real Coffee Trading Co.*, 566 F.Supp. 1158, 1163 (S.D.N.Y.1983).

■ Henkin contends that the district court failed to consider all factors which were relevant to determining whether his delay was reasonable. The factors which Henkin argues that the district court overlooked, however, including GECC's misconduct, his objections to the sales transaction and his poor health when GECC was exerting economic pressure, relate to circumstances prior to and contemporaneous with the release's execution. These issues go to the merits of Henkin's duress argument. The only facts relevant to whether Henkin

waived his right to challenge the release, however, are those which bear on Henkin's conduct after the release was executed. A showing that Henkin had in fact repudiated the release promptly, before his response to GECC's motion, might have foreclosed the district court from finding that Henkin had waived his right to argue duress. But the sole pertinent fact in the record was the temporal sequence. A presumptively valid release was executed, and Henkin did not contest its validity for two-and-a-half years. There is also no allegation that the effect of the duress continued after the release was executed to prevent Henkin from challenging its validity.

Henkin argues that he was foreclosed from giving evidence regarding the timeliness of his claim. First, he states that he was denied oral argument. This was not error. A summary judgment motion may be properly ruled on without oral argument. Second, Henkin contends that because GECC only raised the timeliness question in its reply brief, he did not have the opportunity to respond. But during the 21 months between GECC's reply and the district court's final order, Henkin never asked for leave of court to submit an affidavit concerning any possible justification for his delay. Moreover, the district court on its own, without the benefit of GECC's reply, could have concluded that Henkin had waived his right to challenge the release.

Henkin argues further that it was not his burden to show that he acted in a timely manner, since the issue of waiver was raised by GECC as a defense. GECC's argument in its reply brief that Henkin had waived his rights, however, did not relieve Henkin of the burden to show that his defense of duress was timely. *See Nelson v. Stanley Blacker, Inc.,* 713 F.Supp. 107 (S.D.N.Y.1989) (plaintiff must show he acted promptly to prevail on duress claim). In order to avoid the effect of a release on a theory of duress Henkin must have promptly repudiated the release or justified his lengthy delay. *See DiRose,* 691 F.2d at 634. Henkin's two-and-a-half year delay in repudiating the release was unreasonable. New York courts have found much shorter

delays to constitute a waiver. *See Leader v. Dinkler Management Corp.,* 26 A.D.2d 683, 272 N.Y.S.2d 397 (1966), *aff'd,* 20 N.Y.2d 393, 283 N.Y.S.2d 281, 230 N.E.2d 120 (1967) (6 month delay); *Powell v. Oman Construction Co.,* 25 A.D.2d 566, 267 N.Y.S.2d 862 (1966) (11 month delay); *Feyh v. Brandtjen & Kluge, Inc.,* 1 A.D.2d 1014, 151 N.Y.S.2d 454 (1956), *aff'd,* 3 N.Y.2d 971, 169 N.Y.S.2d 38, 146 N.E.2d 794 (1957) (6 month delay); *Port Chester Electric Construction Company v. Hastings Terraces, Inc.,* 284 A.D. 966, 134 N.Y.S.2d 656 (1954) (15 month delay). Henkin failed to present a compelling reason for waiting until filing his response to GECC's motion for summary judgment to challenge the release, and without such a justification, the district court correctly looked solely at the length of time Henkin had waited to determine whether he had waived his claim. *See DiRose,* 691 F.2d at 634 (ordering district court to dismiss claim unless plaintiff justifies delay); *cf. Weinrub v. International Banknote Co.,* 433 F.Supp. 1092 (S.D.N.Y.1977), *aff'd,* 573 F.2d 1300 (2d Cir.1978) (plaintiff's failure to adequately justify 5 year delay in challenging release required granting defendant's motion for summary judgment).

The undisputed facts demonstrate that Henkin ratified the release by his inaction. The district court correctly concluded that as a matter of law Henkin's failure to challenge the release for two-and-a-half years rendered his present attempt to void the release untimely. Accordingly, the decision of the district court is AFFIRMED.