■ MARINE MIDLAND BANK, N. A., Appellant, v DON MALOY et al., Defendants, and MICHAEL S. PUNTILLO, Respondent.— Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court denied plaintiff's motion for summary judgment against defendant Michael Puntillo on a written guaranty, stating that there was an issue of fact whether plaintiff had made fraudulent misrepresentations, which induced defendant to sign the guaranty. We reverse and grant plaintiff's motion for summary judgment on the guaranty of the four notes.

The guaranty provides that it "is unlimited in amount unless an amount is inserted in the space at the end of this paragraph. Only if an amount is so inserted, this Guaranty is limited to that amount". No amount was inserted in the blank. Defendant contends that, at the time of the execution of the guaranty, the bank officer told him that the guaranty would be limited to the amount of $39,000 and that amount would later be inserted into the blank space. By the terms of the guaranty, defendant expressly agreed that "[t]his guaranty is absolute and unconditional and shall not be changed or affected by any representation, oral agreement, act or thing whatsoever, except as herein provided. This Guaranty is intended by Guarantor to be the final, complete and exclusive expression of the agreement between Guarantor and Bank and Guarantor expressly disclaims any reliance on any oral representation of Bank."

Defendant's acknowledgement in the guaranty that the guaranty was absolute and unconditional, and his disclaimer of any reliance on any oral representations of the bank, preclude him from asserting his defense of fraudulent inducement *(see, Scarsdale Natl. Bank & Trust Co. v S.E.W. Prods.,* 151 AD2d 657; *see also, Citibank v Plapinger,* 66 NY2d 90, *rearg denied* 67 NY2d 647). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.