■ FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Citytrust, Respondent, v ROBERT JACOBS et al., Appellants.—In an action to recover on a guarantee, brought by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, the defendants appeal (1) from an order of the Supreme Court, Richmond County (Amann, J.), entered July 16, 1990, which granted the motion for summary judgment, and (2) from a judgment of the same court, entered January 10, 1991, which is in favor of the plaintiff and against them in the principal sum of $500,000.

Ordered that the appeal from the order is dismissed; and it is further;

Ordered that the judgment is affirmed; and it is further;

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff's motion papers, which include the absolute and unconditional guarantee executed by the defendants and the secured demand promissory note, are sufficient to establish its entitlement to summary judgment. It is well settled that an opponent of a summary judgment motion must avoid mere conclusory allegations and lay bare his or her proof (see, S & H Bldg. Material Corp. v Riven, 176 AD2d 715). The defendants' responsive papers contained bald, conclusory allegations, which, even if believable, are not enough to defeat a motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 563; Freedman v Chemical Constr. Corp., 43 NY2d 260, 264; Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259). The defendants' further contention that they were fraudulently induced into executing the guarantee is unsupported by evidentiary facts and such an assertion is belied by the express provisions of the guarantee (see, Citibank v Plapinger, 66 NY2d 90; Danann Realty Corp. v Harris, 5 NY2d 317; Scarsdale Natl. Bank & Trust Co. v S.E.W. Prods., 151 AD2d 657).

The court correctly denied the request of the defendant

Robert Jacobs for further discovery, since he failed to set forth his efforts to obtain the necessary facts to defeat the motion for summary judgment (see, Sundial Asphalt Corp. v V.P.C. Investors Corp., 173 AD2d 463).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.