■ UNITED STATES TRUST COMPANY OF NEW YORK, Appellant, v SECURITIES PLANNERS, INC., Respondent. [655 NYS2d 42] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered November 14, 1995, which denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $98,961.36, together with interest thereon, costs and disbursements.

This action concerns the terms of defendant's guaranty of payment for rent on office space, and plaintiff's attempt to obtain payment under that guaranty. Defendant submitted no brief on this appeal, but argued in the IAS Court that its president had understood the guaranty to be limited to a particular sum, far less than the amount sought. The guaranty contains no such limitation. Rather, it provides that it is an "absolute, continuing and unconditional guaranty of payment." Nonetheless, the IAS Court denied plaintiff's motion for summary judgment in lieu of a complaint, finding that the relief requested (the amount sought) was not sufficiently specified in the moving papers, and that defendant, by its president's assertions, had raised an issue of fact as to the limit of the guaranty.

Summary judgment should have been granted to plaintiff. The moving papers specified the amount sought as well as how that amount was reached, and the guaranty is clear and unambiguous as to its terms; it contains no monetary limit. Because the parties' intent was clear from the terms of the document, it was error for the IAS Court to consider defendant's assertion that its intent upon entering into the agreement was something other than that expressly set forth in the document itself (see, Federal Deposit Ins. Corp. v Jacobs, 185 AD2d 913; Scarsdale Natl. Bank & Trust Co. v S.E.W. Prods., 151 AD2d 657, 658). Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Andrias, JJ.