■ CAPSTONE ENTERPRISES OF PORT CHESTER, INC., Appellant, v COUNTY OF WESTCHESTER, Respondent. [691 NYS2d 574] —In an action to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 28, 1998, which granted the defendant's motion to dismiss its second and third causes of action, and (2), as limited by its brief, from so much of an order of the same court, entered November 17, 1998, as, upon granting that branch of its motion which was for reargument, adhered to the original determination, and denied that branch of the motion which was for leave to amend its pleadings.

Ordered that the appeal from the order entered April 28, 1998, is dismissed, as that order was superseded by so much of the order entered November 17, 1998, made upon reargument; and it is further,

Ordered that the order entered November 17, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

On January 16, 1996, the plaintiff, an electrical contractor, accepted $390,194 from the defendant County, representing settlement of the plaintiff's $451,000 claim against the defendant relative to money allegedly owed it under a construction contract. At the same time, the plaintiff executed an agreement (hereinafter the release) releasing the County from all claims by the plaintiff for work it performed under the contract which antedated the release. In September 1997, the plaintiff commenced this action against the County to recover damages

for various alleged breaches of the same contract. The second and third causes of action expressly related to breaches which occurred on or before December 1, 1995. The County moved to dismiss these two causes of action as barred by the release, and the court granted its motion. The plaintiff then moved to reargue, or for leave to amend its pleadings to assert that the release was ineffective because of fraud and coercion. The court granted that branch of the motion which was to reargue, but adhered to the original determination, and otherwise denied the motion. We now affirm.

The plaintiff has waived its right to claim that the release was the product of economic duress by its inaction in asserting this claim, and by retaining the benefits of the $390,194 payment for one year and nine months prior to commencing this action (*see, e.g., Liberty Marble v Elite Stone Setting Corp.,* 248 AD2d 302; *Banque Nationale de Paris v 1567 Broadway Ownership Assocs.,* 214 AD2d 359; *Edison Stone Corp. v 42nd St. Dev. Corp.,* 145 AD2d 249). Where a party has accepted the benefits of an agreement (*see, New York Tel. Co. v Jamestown Tel. Corp.,* 282 NY 365, 372-373), and then seeks to repudiate the agreement on the ground of coercion, it must do so in timely fashion or any objection is waived and the agreement is ratified (*see, e.g., Leader v Dinkler Mgt. Corp.,* 26 AD2d 683, *affd* 20 NY2d 393; *Port Chester Elec. Constr. Corp. v Hastings Terraces,* 284 App Div 966).

Furthermore, it is well established that where an agreement contains a clear disclaimer of reliance on oral representations a party is precluded from making subsequent assertions of fraudulent inducement based on oral representations (*see, e.g., Citibank v Plapinger,* 66 NY2d 90; *Danann Realty Corp. v Harris,* 5 NY2d 317, 323; *Marine Midland Bank v Maloy,* 174 AD2d 994; *Scarsdale Natl. Bank & Trust Co. v S.E.W. Prods.,* 151 AD2d 657). In any event, even accepting the plaintiff's allegations at face value, the County's insistence that the plaintiff sign a release as a condition of receiving $390,194, or 87% of its total claim, was not wrongful and did not constitute duress (*see, e.g., Appel v Ford Motor Co.,* 111 AD2d 731). Finally, the plaintiff has not alleged sufficient facts to sustain a cause of action alleging fraud. Assuming that the County orally promised to pay the plaintiff additional money on its claim in the future if the County's budget permitted, without intending to make good on this pledge, its dereliction would give rise to a cause of action based on breach of contract, not fraud in the inducement (*see, e.g., New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318). Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.